UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

     Plaintiff,

     v.                              Case No. 20-2037-SAC

HOLLY T. GOERDEL, et al.,

     Defendants.

## **ORDER**

This matter is before the court on defendants' unopposed motion to stay discovery (ECF No. 23). Defendants seek a stay of discovery and other activity in the case until such time as the court rules on their pending motion to dismiss (ECF No. 21). Plaintiff has indicated by e-mail to the court he does not oppose the request for a stay of discovery. For the following reasons, the court grants defendants' motion.

Analysis

It has long been the general policy in the District of Kansas not to stay discovery merely because a dispositive motion has been filed.[1] However, there are four recognized exceptions to this policy. That is, a discovery stay may be appropriate if at least one of these factors is present: (1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful

---

[1] *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994).

and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit.[2]  The decision whether to stay discovery rests in the sound discretion of the court.[3]

The court has reviewed the record, the instant motion, and the pending motion to dismiss.  The court concludes that a stay of pretrial proceedings is warranted until the court resolves defendants' pending dispositive motion.  Defendants argue in their motion to dismiss that they are entitled to Eleventh Amendment immunity in their official capacities and qualified immunity in their individual capacities.[4]  Additionally, defendants argue all claims should be dismissed for failure to state a claim.[5]  Case law in the District of Kansas is clear that a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity.  "Generally, a defendant is entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings."[6]  The threshold question of immunity should generally be resolved before discovery is

---

[2] *Lofland v. City of Shawnee, Kansas*, No. 16-CV-2183-CM-TJJ, 2016 WL 5109941, at *1 (D. Kan. Sept. 20, 2016); *Fattaey v. Kansas State Univ.*, No. 15-9314-JAR-KGG, 2016 WL 3743104, at *2 (D. Kan. July 13, 2016).

[3] *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

[4] ECF No. 21.

[5] *Id.*

[6] *Couser v. Somers*, No. 18-1221-JWB-GEB, 2019 WL 802038, at *3–4 (D. Kan. Feb. 21, 2019).

allowed, in part to spare a defendant "unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit."[7]

Further, in deciding a motion to dismiss, the "court should consider no evidence beyond the pleadings."[8] At this stage, the court generally considers only the adequacy of the pleadings themselves, and will not look to evidence outside the complaint, as it would at the summary judgment stage.[9] A stay is therefore appropriate for this additional reason.

All pretrial proceedings in this case are stayed until further order of the court. Should the case survive the pending motion to dismiss, the parties shall confer and submit a Rule 26(f) planning meeting report to the undersigned chambers within 14 days of the ruling of the motion. The court will then set a scheduling conference.

IT IS SO ORDERED.

Dated July 21, 2020, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

---

[7] *Id.*

[8] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007).

[9] *Williams v. Aulepp*, No. 16-3044-EFM, 2017 WL 6048189, at *2 (D. Kan. Dec. 7, 2017); *Fattaey*, 2016 WL 3743104, at *2.