IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MUZAFAR BABAKR,** )<br>**Plaintiff,** )<br> )<br> ) **Case No. 2:20-cv-02037-SAC-JPO**<br>**v.** )<br> )<br>**HOLLY T. GOERDEL, et al.,** )<br>**Defendants.** ) | |

## PLAINTIFF'S RESPONSE TO DEFENDANT UNIVERSITY OF KANSAS'S SUGGESTION AS TO DEATH OF DEFENDANT DR. REGINALD ROBINSON

For my Response to the Suggestion of Death by Defendant University of Kansas ("KU") I state:

While I was working on my Response to the Defendants' Motion to Dismiss, Defendant KU filed a suggestion of death on October 5, 2020 stating, without any verification such as a death certificate that one of the defendants, Dr. Reginald Robinson, had died on September 19, 2020.

As sufficient time had passed since Defendant Dr. Robinson's death, I contacted the counsel for KU on December 8, 2020, and asked if there was a plan to file a Motion for Substitution. KU counsel did not reply. On December 16, 2020, I contacted KU counsel again and asked if they were going to, at least, serve the suggestion of death on the nonparty consistent with Fed. R. Civ. P. 25(a)(3). On December 17, 2020, KU counsel replied by email and it does not seem that they are willing to serve the suggestion of death on the nonparty even though I brought the deficiency of the suggestion of death to their attention. The suggestion of death by Defendant KU is not valid.

1

Both Fed. R. Civ. P. 25(a)(3) and caselaw are clear that a suggestion of death is not valid *unless* it is served on all parties and *non-parties*. Fed. R. Civ. P. 25(a)(3) states in relevant part, "[a] statement noting death must be served in the same manner [must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4.]"

In the instant case, KU has not yet properly served the suggestion of death on the non-party. This violates Fed. R. Civ. P. 25(a)(3). *Grandbouche v. Lovell*, 913 F.2d 835 (10th Cir. 1990). After the ruling in *Grandbouche*, "[n]umerous District Courts in the 10th Circuit...have construed *Grandbouche* to require the party suggesting death to serve that suggestion on the decedent's successors or representatives." *Hamilton v. Kemper*, Civil Action No. 17-cv-00882-MSK-STV, 3-4 (D. Colo. Apr. 4, 2018).

Defendant KU filed a suggestion of death and served it only on me. What Defendant KU did in no way satisfies Fed. R. Civ. P. 25(a). In *Fehrenbacher v. Quackenbush*, 759 F. Supp. 1516, 1518 (D. Kan. 1991), the Court ruled, "it is clear that Rule 25 has not been satisfied as the suggestion of death has not been served in compliance with Fed.R.Civ.P. 4 on [the decedent's] representatives."

From what I have been informed of so far, it seems that KU is not willing to take any action other than the deficient suggestion of death filed with the court due to two factors: the pending Motion to Dismiss and the issue of survivability of the claims against deceased Defendant Dr. Robinson. As for the pending Motion to Dismiss, such a motion does not automatically stop all actions in this case. Without a proper named party, there cannot be a claim against that party. In addition, there cannot be a Motion to Dismiss if there is no proper named party.

In fact, if a Motion for Substitution is not filed within 90 days after a valid suggestion of death is filed, any claim by or against the decedent will be dismissed. Fed. R. Civ. P. 25 (a)(1) states, "[i]f a party dies...A motion for substitution may be made...If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Although 87 days have passed since Defendant KU filed the suggestion of death, such filing does not trigger the 90-day limitations period for filing a Motion for Substitution. *Grandbouche v. Lovell*, 913 F.2d 835, 836-37 (10th Cir. 1990) ("Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution."). Because the nonparty has not yet been served by Defendant KU, "the time for filing a motion to substitute a proper party has not run." *Hilsabeck v. Lane Co., Inc.*, 168 F.R.D. 313, 314 (D. Kan. 1996). Knowledge of the death of a party is not sufficient without filing a *valid* suggestion of death upon the record. *United States v. Miller Brothers Constr. Co.,* 505 F.2d 1031 (10th Cir. 1974).

When a party (whether the Plaintiff or the Defendant) dies, the Defendant typically hurries to file a suggestion of death as a tactical maneuver that may be effective in having a case dismissed by placing the burden on the opposing party of locating and serving the successors or representative of the decedent within 90 days. *National Equipment Rental, Ltd. v. Whitecraft Unlimited, Inc.,* 75 F.R.D. 507 (E.D.N.Y. 1977); *Ten v. Svenska Orient Linen,* 87 F.R.D. at 552; *Al Jundi v. Rockefeller,* 88 F.R.D. at 246-47; *Rende v. Kay,* 445 F.2d at 984; *Yonofsky v. Wernick,* 362 F. Supp. at 1011; *Boggs v. Dravo Corp.,* 532 F.2d at 898-99.

Understandably, Dr. Robinson's estate does not want to be sued and has every incentive to cause delays or hinder the process of party substitution. KU counsel informed me by email

3

that they have no knowledge of who Defendant Dr. Robinson's representative is. But, unless Rule 25 is satisfied by Defendant KU, I, as a plaintiff, would be given an unfair burden of identifying the successor or representative of Defendant Dr. Robinson's estate. "Put another way, a [Defendant] cannot…sit back and wait while the [Plaintiff] scrambles to identify the personal representative of the estate." *Beck v. Board of County Commissioners of Grant County*, Civ No. 10-486 MCA/WPL, 5 (D.N.M. Mar. 29, 2011). This Court can reasonably infer that Defendant KU has or can easily obtain knowledge of who the successor or representative of Defendant Dr. Robinson is. "In some instances, it may prove more difficult to determine whom to serve, but it is generally appropriate to require the serving party to shoulder that burden, rather than permitting the absence of notice to decedent's representative to lead to forfeiture of the action." *Fariss v. Lynchburg Foundry*, 769 F.2d 958, 962 (4th Cir. 1985).

The second factor that seemingly has made KU not take further actions other than the deficient suggestion of death is the issue of survivability of the claims against the deceased Defendant Dr. Robinson. According to Fed. R. Civ. P. 25(d), any claim against Dr. Robinson in his official capacity survives his passing. Fed. R. Civ. P. 25(d) states in part, "[a]n action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically [without the need to file a Motion for Substitution] substituted as a party."

As for claims against Dr. Robinson in his individual capacity, Kansas survival statutes K.S.A. § 60-1801-2 are relevant. K.S.A. § 60-1801 provides:

> In addition to the causes of action which survive at common law, causes of action for mesne profits, or for an injury to the person, or to *real or personal estate*, or for any deceit or fraud, or for death by wrongful act or omission, shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same.(emphasis added).

4

On the other hand, K.S.A. § 60-1802 provides:

> No action pending in any court shall abate by the death of either or both the parties thereto, except an action for libel, slander, malicious prosecution, or for a nuisance.

When it comes to determining which claim survives a party's death, Kansas courts make an unclear distinction between K.S.A. § 60-1801 and K.S.A. § 60-1802 stating that K.S.A. § 60-1801 is substantive and specifies which "causes of action" survive a party's death while K.S.A. § 60-1802 is procedural and specifies which "actions" abate by a party's death. *Gross v. Vanlerberg*, 231 Kan. 401, 646 P.2d 471 (Kan. 1982). According to this interpretation, because the conduct by Defendant Dr. Robinson led to injury/damage to my real estate, *all* claims against him survive his death.

But, pursuant to K.S.A. § 60-1802, the Defamation claim in Count VI should not survive his death. Libel, slander, malicious prosecution, and nuisance mentioned in K.S.A. § 60-1802 are "causes of action" and not "actions". For example, in *Valadez v. Emmis Commu,* 290 Kan. 472 (Kan. 2010) the Supreme Court of Kansas affirmed the District Court's decision that a defamation cause of action was abated by the death of the plaintiff. Similarly, citing K.S.A. 60-1802, the Kansas Court of Appeals ruled in *Sellars v. Stauffer Communications, Inc.*, "[s]ince an action for defamation does not survive death (K.S.A. 60-1802), the decedent's name was dismissed from the appeal." 684 P.2d 450, 450 (Kan. Ct. App. 1984). This ruling is consistent with the language in K.S.A. § 60-1802. If K.S.A. § 60-1802 was procedural and not about "causes of action", it should not have been cited as an authority in dismissing the defamation claims in those cases.

Therefore, it can be argued that K.S.A. § 60-1802 is also about what "causes of action" survive a party's death and not what "actions" survive a party's death. Thus, a more consistent

5

interpretation of both statutes is to argue that K.S.A. § 60-1801 applies if a party dies before a lawsuit is filed and K.S.A. § 60-1802 applies if a party dies during the pendency of a lawsuit.

Accordingly, of all the causes of action against Defendant Dr. Robinson in his individual capacity in the instant case, only the Defamation cause of action is abated by his death; all other causes of action survive his death. Because his death happened *after* the instant case was filed, K.S.A. § 60-1802 and not K.S.A. § 60-1801 applies here. Some Kansas caselaw supports this interpretation. For example, distilling the argument of the Kansas Supreme Court ruling in *Powers v. Sumbler, 83 Kan. 1, 110 P. 97*, the New Mexico Supreme Court ruled, "[w]e therefore conclude, as did the Kansas court, that the death of a plaintiff pendente lite has no effect upon the cause of action nor the proceedings to enforce it, except to require a representative or the heirs to be substituted, as the case might be, depending upon whether the cause in suit descends to the estate or to the heirs." *Frampton v. Santa Fe Northwestern Ry. Co.*, 34 N.M. 660, 664 (N.M. 1930). "In Kansas, this situation [where a Defendant was still alive when the lawsuit was filed] would fall under K.S.A. 60-1802." *Alain Ellis Living Tr. v. Harvey D. Ellis Living Tr.*, 427 P.3d 9, 21 (Kan. 2018).

Other states in and outside the Tenth Circuit having similar survival statutes to those of Kansas interpreted the statutes in this way. For example, the United States District Court for the District of New Mexico ruled, "[b]ecause this case was filed before [Plaintiff's] death, NMSA 1978, § 37-2-4 [which is similar to K.S.A. § 60-1802], rather than Section 37-2-1[which is similar to K.S.A. § 60-1801], applies…Section 37-2-4 applies only when death occurs while an action is pending; it describes which pending actions abate when one of the parties dies.") *Martinez v. Salazar*, Civ. No. 14-534 KG/WPL, at *5 (D.N.M. Nov. 15, 2016). In Oklahoma, the United States District Court for the Eastern District of Oklahoma ruled, "[p]laintiff's suit alleging

6

Eighth Amendment violations does not constitute a claim [falling under Okla. Stat. tit. 12, § 1052 which is close to K.S.A. § 60-1802], therefore, Oklahoma law calls for the survival of the suit despite his death" *Stephens v. Dillard*, No. CIV 19-248-RAW-SPS, at *2-3 (E.D. Okla. June 25, 2020). In *Hopkins v. Oklahoma Public Emp. Retire. Sys*, the Tenth Circuit ruling in an Oklahoma case held that, "[b]ecause Hopkins' suit alleging double jeopardy and excessive fines violations does not constitute a claim [falling under Okla. Stat. tit. 12, § 1052 which is close to K.S.A. § 60-1802], Oklahoma law calls for the survival of his suit despite his death." 150 F.3d 1155, 1159 (10th Cir. 1998).

Courts outside the Tenth Circuit, which have similar survival statutes to those of Kansas, make similar interpretations. For example, the United States District Court for the District of Nebraska ruled, "[i]t is clear that the action filed by [Planitiff] against [deceased Defendant] was not one of those specifically excepted by the provisions of 25-1402 [which is close to K.S.A. § 60-1802], and, therefore, the action did not abate by reason of [Defendant's] death." *Willis v. Rose*, 223 Neb. 49, 52 (Neb. 1986).

When it comes to the survivability of the causes of action individually, federal law governs which causes of action survive Dr. Robinson's death for the federal law claims and the law of the forum state governs which causes of action survive his death for the state law claims to determine if the court can maintain jurisdiction. Regarding the federal law claims, absent specific statutory directive, federal common law governs which causes of action survive a party's death. According to federal common law, "[i]n general, under the federal common law, "a claim survives a party's death if it is "remedial" rather than "punitive"." *Sec. & Exch. Comm'n v. Wyly*, 860 F. Supp. 2d 275, 276 (S.D.N.Y. 2012).

While a clear line distinguishing remedial from punitive does not exist, distilling the discussion in the leading case of *Huntington v. Attrill,* 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892), the Sixth Circuit developed a three-factor test to determine if a claim is remedial or punitive: "1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; 2) whether recovery under the statute runs to the harmed individual or to the public; and 3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." *Smith v. Department of Human Services, Oklahoma*, 876 F.2d 832, 835 (10th Cir. 1989).

As for state law claims and § 1983 claims, the law of the forum state governs which causes of action survives death of a party. For the § 1983 claims, there is the additional condition that the forum state law should be consistent with federal law and the Constitution. *Robertson v. Wegmann,* 436 U.S. 584 (1978).

Due to the rarity of the occurrence of the death of parties to a lawsuit, caselaw discussing the effect of death of a party on a lawsuit is scarce. The Title VI National Origin Discrimination claim in Count I survives Defendant Dr. Robinson's passing. *Slade for Estate of Slade v. U.S. Postal Ser,* 952 F.2d 357 (10th Cir. 1991). The Title VI National Origin Retaliation claim in Count II survives his passing. *Hilsabeck v. Lane Co., Inc.,* 168 F.R.D. 313 (D. Kan. 1996).

The § 1983 First Amendment Retaliation claim in Count III survives his passing. The Texas Court of Appeals found that a § 1983 First Amendment Retaliation claim survives the death of a party. *Upton County Tex. v. Brown,* 960 S.W.2d 808 (Tex. App. 1997). The Negligence claim in Count IV survives his passing. *Sloan v. Overton,* No. 08-2571-JAR-DJW (D. Kan. Jan. 24, 2010).

The Civil Conspiracy claim in Count V survives his passing. The United States District Court for the District of Northern Ohio ruled that, under Ohio survival statute which is close to that of Kansas, a state law Civil Conspiracy cause of action survives the death of a party if the predicate claim of the cause of action survives, as well. *Tinney v. Richland Cnty.,* No. 1:14 CV 703 (N.D. Ohio Dec. 8, 2014). As said before, the Defamation claim in Count VI may not survive his passing.

The Fraudulent Misrepresentation claim in Count VII is close to a Breach of Contract claim and, hence, survives his passing. The Procedural and Substantive Due Process causes of action in Counts VIII and IX respectively are not claimed against him. The claim for Unjust enrichment in Count X survives his passing. *Nicholas v. Nicholas,* 277 Kan. 171 (Kan. 2004).

The claim for Intentional Infliction of Emotional Distress in Count XI survives his passing. *Anspach v. Tomkins Indus., Inc.,* 817 F. Supp. 1499, 1508, 1510 (D. Kan. 1993). The Breach of Contract claim in Count XII survives his passing. *Hilsabeck v. Lane Co., Inc.,* 168 F.R.D. 313 (D. Kan. 1996).

To conclude, the suggestion of death by KU is deficient and all the claims against Defendant Dr. Robinson against him in his official capacity survive his passing. As for his individual capacity, either all the claims against him survive his passing or only the Defamation claim does not survive his passing.

WHEREFORE, I hereby respectfully request this Court either order Defendant KU to serve the suggestion of death on the non-party(ies) consistent with Rule 25 if KU wants its suggestion of death to be recognized as valid by the Court or ignore the suggestion of death filed by Defendant KU because it is not a valid one.

Respectfully submitted,

/s/ Muzafar A. Babakr
Muzafar A. Babakr
1600 Haskell Avenue, Apt. #170
Lawrence, Kansas 66044
Tel: (785) 727-8768
muzaferi@gmail.com
*Pro Se Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 1st day of January, 2021, the forgoing was filed through the Court ECF system, which will generate a copy to the following attorney on record:

Eric J. Aufdengarten
Associate General Counsel and
Special Assistant Attorney General
245 Strong Hall, 1450 Jayhawk Blvd.
Lawrence, Kansas 66045
eja@ku.edu
*Counsel for Defendants*

/s/ Muzafar A. Babakr
Muzafar A. Babakr
*Pro Se Plaintiff*