IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MUZAFAR BABAKR,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 2:20-CV-02037-SAC-JPO |
| **DR. HOLLY T. GOERDEL,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AS PROPOSED

Defendants oppose Plaintiff's motion to amend as proposed. Plaintiff's proposed Second Amended Complaint asserts eight causes of action against the University of Kansas and eight individual defendants.[1] Following the Court's partial grant of Defendants' motion to dismiss (Doc. 38), a substantial portion of Plaintiff's claims were dismissed in whole or in part. Yet the proposed Second Amended Complaint does not reflect the Court's ruling, and Plaintiff's proposed cures to the dismissed Counts would be futile.

Plaintiff maintains the allegations on five Counts that survived dismissal – Count II, Title VI Retaliation relating to Plaintiff's academic dismissal; Count III, First Amendment Retaliation under § 1983; Count V, Common Law Civil Conspiracy; Count IX, Procedural Due Process Violation under § 1983 related to a property interest; and

---

[1] Although Dr. Holly Goerdel and Mr. Reginald Robinson are referred to as parties in the proposed Second Amended Complaint (Doc. 44-1 ¶¶ 18, 25), the proposed Counts do not identify them as defendants. Defendants support the dismissal of Dr. Goerdel and Mr. Robinson as defendants.

Count X, Substantive Due Process Violation under § 1983 relating to a property interest. Plaintiff also seeks leave to add a new Count VI, Civil Conspiracy under § 1983. Given the Court's ruling keeping certain allegations of common law civil conspiracy, Defendants assert no objection to this proposed amendment.

However, Plaintiff's proposed amendments to Count I, Title VI discrimination, and Count VII, Defamation, are futile as they do not cure the deficiencies of the First Amendment Complaint. Additionally, Plaintiff's proposed amendment to include prospective relief under 42 U.S.C. § 1983 has alleged five KU officials with the power to reinstate him, yet his complaint continues to allege official capacity claims against all remaining individual Defendants. Finally, Plaintiff's proposed Second Amended Complaint contains the same lengthy allegations that do not comply with Rule 8, or alternatively should be struck pursuant to Rule 12(f), including nearly 500 paragraphs solely relevant to dismissed claims. A substantial portion of Plaintiff's proposed Second Amended Complaint is immaterial to the remaining claims. Requiring Defendants to respond individually to all 659 paragraphs would be highly prejudicial to Defendants. For these reasons, Defendants oppose Plaintiff's motion to amend as proposed.

However, Defendants would support an amendment that includes only the following 164 paragraphs in the proposed Second Amended Complaint: 2, 4, 7, 11-45, 133-139, 187-193, 451-502, 527-534, 604-624, 629-659. Allowing the proposed amendment through these paragraphs would allow the case to move forward in a reasonable manner for all parties and the Court.

A. **Standard of Review**

Although Fed. R. Civ. P. 15(a) states that leave to amend shall be given freely, courts may deny leave to amend if amendment would be futile, or upon a showing of undue prejudice to the opposing party, undue delay, bad faith, or failure to cure deficiencies by amendments previously allowed. *Phelps v. Hamilton*, 166 F.R.D. 489, 490 (D. Kan. 1996) (citing *Mountain View Pharmacy v. Abbott Laboratories*, 630 F.2d 1383, 1389 (10th Cir. 1980)); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 83 S. Ct. 227, 9 L.Ed.2d 222 (1962)).

Leave to amend is futile if the amended complaint would be subject to dismissal or summary judgment, or if it fails to state a claim upon which relief may be granted. *See Steinert v. The Winn Grp., Inc.*, 190 F.R.D. 680, 682-83 (D. Kan. 2000); *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 504, 507-08 (D. Kan. 2007). The District of Kansas has found that determining whether a proposed amendment is futile requires the court to analyze the amendment as though it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Collins*, 245 F.R.D. at 507-08.

B. **Plaintiff's proposed amendments to Count I, Title VI discrimination based on national origin, do not cure the deficiencies in that claim.**

On Count I, the Court allowed Plaintiff to seek leave to amend the count as to his claim that his dismissal was discrimination based on his national origin. The Court noted that the FAC contained to allegations connecting his national origin to the alleged acts taken by any Defendant. (Doc. 38 at 28-29.) The Court further noted that the FAC's allegations of different treatment for similarly situated non-international students are also

3

conclusory and failed to create a plausible claim of discrimination. (Doc. 38 at 29.) "Short of alleging that other SPAA students were in comparable circumstances but were not placed on academic probation and/or then not discharged for failing the terms of academic probation, the plaintiff's FAC fails to state a plausible claim of Title [VI] discrimination." (Doc. 38 at 29.)

Plaintiff seeks to amend allegations related to Count I, Title VI National Origin Discrimination by adding 20 new paragraphs in the general facts (Doc. 44-1 at ¶¶ 68, 78-96) and 11 new paragraphs directly in Count I (Doc. 44-1 at ¶¶ 592-602). These proposed amendments fall short of curing the deficiencies in Plaintiff's claim of national origin discrimination under Title VI. Proposed ¶ 68 alleges that in 2014, Dr. Goerdel and Dr. Epp were mocking a guest speaker from Japan or South Korea. No reason is given for the alleged mocking and no words are attributed to Dr. Goerdel or Dr. Epp. Furthermore, this allegation does not speak to whether Dr. Goerdel, Dr. Epp, or anyone else had discriminatory animus toward Plaintiff.  Rather than tying any acts to his national origin, Plaintiff emphasizes that the acts were in retaliation for engaging in protected activity. Plaintiff alleges that other students were not placed on probation because they did not engage in any protected activity opposing discrimination. (Doc. 44-1, ¶ 78-79. 94). The other proposed amendments do not address national origin at all.

Plaintiff's proposed amendments do not allege that other SPAA students were in comparable circumstances but not placed on academic probation or that they were then not discharged for failing the terms of academic probation. There is no allegation in the

4

proposed SAC that the alleged acts were based on Plaintiff's national origin. Therefore, Plaintiff's proposed amendments regarding Count I are futile and should be denied.

### C. Plaintiff's proposed amendments to Count VI, defamation, do not cure the deficiencies in that claim.

On Count VI, defamation, the Court allowed Plaintiff to seek leave to amend curing the deficiencies noted. (Order at 54.) The Court noted that the FAC failed to allege when the defamatory statement was made and, therefore, when the defamation claim accrued. The Court noted that the FAC also fails to allege a statement of false and defamatory words made to a third person that damaged the Plaintiff's reputation.

In the proposed SAC, Plaintiff's only substantive amendment to the defamation claim was to add the phrase: "On January 22, 2019, my sponsor informed me that they have been told . . ." (Doc. 44-1 at ¶ 626.) Plaintiff's proposed amendment does not cure the prior deficiencies. Plaintiff does not allege a date that O'Leary or Epp made a statement to Plaintiff's sponsor, but it is now clear that it was on or before January 22, 2019, the date Plaintiff claims he was informed of the statement. He did not file this lawsuit until January 21, 2020. Given the application of Fed. R. Civ. P. 6(a)(1)(C), any acts subject to a 1-year statute of limitations would be out of time if they occurred on or before January 17, 2019. Therefore, any acts of defamation alleged to have occurred on or before January 17, 2019, are barred by the statute of limitations.

Further, Plaintiff does not provide any allegations that the alleged statement to the sponsor was of false and defamatory words that damaged Plaintiff's reputation. For these reasons, Plaintiff's motion to amend his defamation claim should be denied.

**D. Plaintiff's proposed amendment for prospective relief of reinstatement continues to assert official capacity claims against officials not alleged to have the capacity to reinstate him.**

The Court allowed Plaintiff the opportunity to seek leave to amend his Complaint to state a claim under § 1983 for reinstatement against individual Defendants in their official capacities. (Doc. 38 at 60.) Plaintiff specifies in his Prayer for Relief that reinstatement is sought from the doctoral committee (Drs. Epp, Fowles, Daley, O'Leary, Maynard-Moody) and the School Director (O'Leary). (Prayer For Relief at J.) However, in the specific counts brought under 42 U.S.C. §1983, Plaintiff also states that official capacity claims are brought against Dr. Lejuez, Dr. Latta, and Dr. Getha-Taylor[2] (Doc. 44-1 at 132, 133, 135, 138). For purposes of the case, official capacity claims against Dr. Lejuez, Dr. Latta, and Dr. Getha-Taylor should remain dismissed.

**E. Plaintiff's proposed Second Amended Complaint should be dismissed as not complying with Rule 8, or in the alternative, substantial portions should be struck pursuant to Rule 12(f).**

Despite the Court's order dismissing a substantial portion of Plaintiff's claims, Plaintiff continues to include excessive paragraphs relating to those dismissed claims. Although Plaintiff's proposed Second Amended Complaint (Doc. 44-1) excludes some Counts and allegations found in the First Amended Complaint (Doc. 3), it contains numerous paragraphs in the "General Allegations" section that are not relevant to the remaining claims. For example, in the first 591 paragraphs, Plaintiff has not removed any allegation despite the Court's order dismissing several claims.

---

[2] The only Count proposed against Dr. Getha-Taylor is Count VI.

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It is not sufficient for a pleading to merely provide labels and conclusions, or "a formulaic recitation of the elements of a cause of action". *See Ashcroft v. Iqbal*, 556 U.S. 662, 67-78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Courts have recognized that unnecessarily long pleadings violate the short and plain statement requirement. *See Abdelsamed v. U.S.*, 13 Fed. App'x. 883 (10th Cir. 2001) (finding that plaintiff's 151-page original complaint and 76 page amended complaint were not "short and plain"); *McNamara v. Brauchler*, 570 Fed. App'x. 741, 742 (10th Cir. 2014) (recognizing that dismissal was warranted because 169-page original complaint and 132-page amended complaint did not comply with "short and plain statement" requirement); *Kuehl v. FDIC*, 8 F.3d 905 (1st Cir. 1993) (noting that forty-three pages and 358 paragraphs was excessive for pleading); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283 (E.D. Tenn. 1966) (stating that 117-page complaint did not conform to standards of Rule 8). Further, the 10th Circuit has stated that "[i]t is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *McNamara v. Brauchler*, 579 Fed. App'x. 741, 743 (10th Cir. 2014).

Plaintiff's proposed amendment is not a "short and plain statement." Rather, it is 659 paragraphs in 143 pages. As the Court has noted in its Order on the Motion to Dismiss, "The sheer length and repetitious allegations in the FAC defy the letter and

7

spirit of Rule 8's requirement for a short and plain statement of the claims showing entitlement to relief. The FAC is also replete with allegations that are inconsistent, conclusory, and speculative." (Doc. 38 at 3) Dismissal of the complaint would be warranted on this basis alone.

In the alternative to dismissing the entire complaint, the Court may strike portions of the proposed pleading pursuant to Rule 12(f): "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although motions to strike are generally disfavored, the court may strike allegations that have no possible relation to the controversy and may prejudice one of the parties. *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007). "The purpose of Rule 12(f) is to minimize delay, prejudice and confusion by narrowing the issues for discovery and trial." *Ibid.* "When allegations in a complaint are entirely collateral and immaterial to the underlying claims, they should be stricken." *Stubbs v. McDonald's Corp.*, 224 F.R.D. 668, 676 (D. Kan. 2004) (quoting *Geer v. Cox*, 242 F.Supp.2d 1009, 1025 (D.Kan.2003).

Where a motion to strike removes redundant or immaterial clutter from the case, it serves to expedite, not delay. *Foster v. Pfizer Inc.*, No. 00-1287-JTM, 2000 WL 33170897, at *2 (D. Kan. Dec. 12, 2000) (citing *Hardin v. American Electric Power*, 188 F.R,D. 509, 511 (S.D. Ind. 1999). "Immaterial matter is that which has no essential or important relationship to the claim for relief, *or a statement of unnecessary particulars in connection with that which is material*." *Foster*, 2000 WL 33170897, at *2, citing 5 Wright & Miller, *Federal Practice and Procedure*, § 1382, p. 822. For a motion to strike,

8

the allegation must also be prejudicial. "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Foster*, 2000 WL 33170897, at *2.

Here, Plaintiff's inclusion of allegations that have been dismissed, and the length and redundancy of his allegations, satisfies the narrow standard for striking pursuant Rule 12(f), making the proposed amended complaint futile as written. The Court has already found the pleading to be "replete with allegations that are inconsistent, conclusory, and speculative." (Doc. 38 at 3.) As shown below, these allegations are immaterial to the remaining allegations and redundant to the material allegations.

The prejudice to Defendants and the Court is shown in the difficulty of even identifying which paragraphs in the body of the pleading (specifically, paragraphs 39-574) relate to which of Plaintiffs' proposed counts. Nevertheless, Defendants have attempted to identify those paragraphs that are immaterial to Plaintiff's remaining claims or redundant to allegations material to those claims.

In the Introduction section, paragraphs 1, 3, 5, 6, 8, 9 and 10 relate only to dismissed claims. These seven paragraphs are immaterial to the remaining claims.

The General Allegations section is comprised of paragraphs 31 to 574, with two general subsections (Definitions and School Doctoral Program Curriculum) and 33 numbered subsections that remain largely unchanged from the First Amended Complaint. Most of these paragraphs are immaterial to Plaintiff's remaining claims or are redundant to the information contained in those paragraphs relating to the remaining claims. Only

9

the following subsections or portions of subsections of the General Allegations contain allegations that are arguably material and not redundant:

- Definitions (¶¶ 31-32);
- School Doctoral Program Curriculum (¶¶ 33-38);
- I. The Only Student Whose Specialization Examination was Chaired by the Program Coordinator, Dr. Goerdel, and Not my Advisor (only ¶¶ 39-45);
- IV. The Doctoral Committee and Director Robinson Took Adverse Actions Against Me (¶¶ 133-139);
- XI. The Doctoral Committee and Director Robinson Plotted to Have Me Discontinue the Program (¶¶ 187-193);
- XXIV. The Doctoral Committee, Dr. Getha-Taylor, Director O'Leary, Dean Lejuez, and Dr. Latta Took Adverse Actions Against Me (¶¶ 451-502); and
- XXVIII. The Doctoral Committee Dismissed Me Without Any Legitimate Reason (¶¶ 527-534).

The remaining subsections of General Allegations, comprising 452 paragraphs, relate to claims dismissed by the Court and where amendment would be futile.

I. The Only Student Whose Specialization Examination was Chaired by the Program Coordinator, Dr. Goerdel, and Not my Advisor (paragraphs 49-99) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.B, dismissed by Doc. 38 at 24-29);

II. Coordinator Goerdel Forced Me to Return to My Advisor (¶¶ 100-108) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.A and B, dismissed by Doc. 38 at 24-29);

III. The Doctoral Committee Interfered in My Program (¶¶ 109-132) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.C, dismissed by Doc. 38 at 24-29);

V. Director Robinson Singled Me Out Among Doctoral Students (¶¶ 140-145) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571. B, dismissed by Doc. 38 at 24-29);

VI. The Only Student Whose Specialization Examination was Chaired by Coordinator Goerdel and Not my Advisor (¶¶ 146-155) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.C, dismissed by Doc. 38 at 24-29);

VII. Director Robinson Forced Me to Sit for the Specialization Examination without Registration (¶¶ 156-163) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.D, dismissed by Doc. 38 at 24-29);

VIII. Director Robinson Forced Me to Enroll in Dissertation Hours with Coordinator Goerdel Although She Does Not Have the Academic Credentials to Serve as my Advisor (¶¶ 164-171) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.E, dismissed by Doc. 38 at 24-29);

IX. Coordinator Goerdel and Director Robinson Ignored my Need for an Advisor and Created a Situation Which Led Me to Taking a Leave of Absence (¶¶ 172-182) (cf. Doc. 3, Count IV Negligence, ¶¶ 584-589, dismissed by Doc. 38 at 47-49);

X. Director Robinson Suggested I Enroll in Dissertation Hours with Him Although He Does Not Have the Academic Credentials to Serve as My Advisor (¶¶ 183-186) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.F, dismissed by Doc. 38 at 24-29);

XII. The Doctoral Committee and Director Robinson Caused the Release of Misleading Information to the School of Business (¶¶ 194-198) (cf. Doc. 3, Count VI Defamation, ¶¶ 599-600, dismissed by Doc. 38 at 52-54);

XIII. Coordinator Goerdel or Director Robinson Caused the Release of Misleading Information to University Appropriate Parties (¶¶ 199-202) (cf. Doc. 3, Count VI Defamation, ¶¶ 601, dismissed by Doc. 38 at 52-54);

XIV. Director Robinson Had me Sign Under Duress (¶¶ 203-211) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.G, dismissed by Doc. 38 at 24-29);

XV. Director Robinson Acted as a Party in My Advising Relationship with My Advisor (¶¶ 212-217) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.H, dismissed by Doc. 38 at 24-29);

XVI. Director Robinson Misrepresented Facts (¶¶ 218-230) (cf. Doc. 3, Count VII Fraudulent Misrepresentation, ¶¶ 607-614, dismissed by Doc. 38 at 54);

XVII. Coordinator Goerdel and Director Robinson Forced Me to Sit for the Specialization Examination without Registration (¶¶ 231-235) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.I, dismissed by Doc. 38 at 24-29);

XVIII. The Doctoral Committee and Director Robinson Ignored My Need for an Advisor and Created a Situation That Could Lead to Violating Federal Immigration Regulations for J-1 Visa Holders (¶¶ 236-240) (cf. Doc. 3, Count IV Negligence, ¶¶ 584-589, dismissed by Doc. 38 at 47-49);

XIX. The Doctoral Committee and Director Robinson Ignored My Need for an Advisor and Created a Situation That Could Lead to Breaking My Contract with My

Sponsor (¶¶ 241-243) (cf. Doc. 3, Count IV Negligence, ¶¶ 584-589, dismissed by Doc. 38 at 47-49);

XX. The Only Student Whose Specialization Examination was Chaired by Coordinator Goerdel and Not My Advisor (¶¶ 244-253) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 557, dismissed by Doc. 38 at 24-29);

XXI. Coordinator Goerdel and Director Robinson Provided Misleading Information to University Appropriate Parties (¶¶ 254-403) (cf. Doc. 3, Count II Title VI Retaliation, ¶ 573, dismissed by Doc. 38 at 31; Count VI Defamation, ¶¶ 601-602, dismissed by Doc. 38 at 52-54);

XXII. Dean Lejuez Provided Misleading Information to KU Judicial Board (¶¶ 404-430) (cf. Doc. 3, Count VI Defamation, ¶ 603, dismissed by Doc. 38 at 52-54);

XXIII. The Doctoral Committee Invented the "Form Signer" (¶¶ 431-450); (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.C and K, dismissed by Doc. 38 at 24-29);

XXV. The Doctoral Committee Ignored My Need for an Advisor and Put Me in a Situation That Led to Violating Federal Immigration Regulations for J-1 Visa Holders (¶¶ 503-508) (cf. Doc. 3, Count IV Negligence, ¶¶ 586-587, dismissed by Doc. 38 at 47-49);

XXVI. The Doctoral Committee Ignored My Need for an Advisor and Put Me in a Situation That Led to Breaking My Contract with My Sponsor (¶¶ 509-521) (cf. Doc. 3, Count IV Negligence, ¶¶ 586-589, dismissed by Doc. 38 at 47-49);

XXVII. The Doctoral Committee Indirectly Announced the Specialization Examination Result in Advance (¶¶ 522-526) (cf. Doc. 3 Count I Title VI Discrimination, ¶ 571.M, dismissed by Doc. 38 at 24-29);

XXIX. Director O'Leary or Coordinator Epp Caused the Release of Misleading Information to My Sponsor (¶¶ 535-536) (cf. Doc. 3, Count VI Defamation, ¶ 604, dismissed by Doc. 38 at 52-54, and amendment of which would be futile);

XXX. Paying Tuition and Fees Without Receiving Any Service from KU (¶¶ 537-539) (cf. Doc. 3, Count X Unjust Enrichment, ¶¶ 647-653, dismissed by Doc. 38 at 54-55);

XXXI. Coordinator Goerdel, Director Robinson, Coordinator Epp, and Director O'Leary Caused Me Emotional Distress (¶¶ 540-569) (cf. Doc. 3, Count XI Intentional Infliction of Emotional Distress, ¶¶ 654-666, dismissed by Doc. 38 at 55-58);

XXXII. Continuous Violation of Various Policies by The Defendants (¶¶ 570-571) (cf. Doc. 3, Count XII Breach of Contract, ¶¶ 667-671, dismissed by Doc. 38 at 58);

XXXIII. Considered Informal Means of Dispute Resolution Before Filing Lawsuit (¶¶ 572-574). This subsection was not part of any Count and is immaterial to Plaintiff's claims.

Relatedly, for the reasons argued above, Plaintiff's allegations under proposed Counts I, Title VI Discrimination (Doc. 44-1 ¶¶ 575-603); and VII Defamation (Doc. 44-1, ¶¶ 625-628) are subject to being struck or not allowed as futile proposed amendments. Even if Plaintiff's amendment was sufficient to make a claim for national origin discrimination, Plaintiff continues to include allegations that are clearly time barred (see, for example Doc. 44-1, ¶ 591), and those paragraphs are subject to being struck.

If Plaintiff is allowed to amend, Defendants ask the Court to require a response only to the following 164 paragraphs in the Proposed Second Amended Complaint: 2, 4,

7, 11-45, 133-139, 187-193, 451-502, 527-534, 604-624, and 629-659. These paragraphs sufficiently cover Plaintiff's remaining claim that he engaged in protected activity and his allegation of retaliation that forms the basis for Counts II, III, V, IX, and X in the proposed Second Amended Complaint. Defendants would be significantly prejudiced if they were required to respond to all 659 paragraphs despite the Court's order dismissing a substantial amount of Plaintiff's original claims. For these reasons, Plaintiff's motion for leave to amend should be denied at least as to proposed Counts I, VI, and the allegations identified above as relating only to dismissed claims.

## CONCLUSION

Defendants oppose Plaintiff's proposed Second Amended Complaint as proposed. However, there is a reasonable path forward on the claims that have survived dismissal. Defendants' proposal reduces the extreme burden on the Defendants in responding to those surviving claims and will reduce the burden on the Court as it evaluates those claims at future stages of the litigation, while maintaining all of the material and non-redundant allegations in Plaintiff's proposed pleadings.

Respectfully submitted,

/s/ Eric J. Aufdengarten
Eric J. Aufdengarten, KS #21289
Associate General Counsel and
Special Assistant Attorney General
The University of Kansas
245 Strong Hall, 1450 Jayhawk Blvd.
Lawrence, Kansas 66045
Tel: (785) 864-3276
Fax: (785) 864-4617
eja@ku.edu
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that a true and correct copy of this document was filed through the Court's CM/ECF filing system on the 23rd day of April, 2021, which generated a Notice of Electronic Filing to the following:

Muzafar A. Babakr
1600 Haskell Avenue, Apt. #170
Lawrence, Kansas 66044
muzaferi@gmail.com
*Plaintiff pro se*

/s/ Eric J. Aufdengarten
Eric J. Aufdengarten
*Counsel for Defendants*