UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

    Plaintiff,

    v.                                               Case No. 20-2037-SAC

HOLLY T. GOERDEL, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

The pro se plaintiff, Muzafar Babakr, is a former doctoral student at the University of Kansas who has brought this action against numerous defendants, staff members at the university: Holly T. Goerdel, Jacob T. Fowles, Dorothy M. Daley, Steven W. Maynard-Moody, Charles R. Epp, Heather Getha-Taylor, Rosemary O'Leary, Reginald L. Robinson,[1] Carl W. Lejuez, Kristine Latta, and the University of Kansas.[2] Plaintiff has alleged claims for discrimination, retaliation, constitutional violations, breach of contract, and tortious injury, some of which have already been dismissed or limited by the presiding U.S. District Judge, Sam A. Crow, as discussed below.

Plaintiff has filed a motion (ECF No. 44) for leave to amend his first amended complaint. Defendants oppose the motion. For the reasons discussed below, the undersigned U.S. Magistrate Judge, James P. O'Hara, grants the motion in part and

---

[1] Plaintiff's motion to substitute the estate of Reginald L. Robinson for defendant (ECF No. 53) is set for hearing on July 1, 2021 (ECF No. 54).

[2] ECF No. 1.

recommends Judge Crow deny it in part.[3]

Background

Plaintiff filed his complaint on January 21, 2020[4] and filed an amended complaint on February 11, 2020.[5] Defendants filed their motions to dismiss on July 16, 2020.[6] The undersigned granted defendants' unopposed motion to stay on July 21, 2020, pending a ruling on the motions to dismiss.[7]

On February 25, 2021, Judge Crow ruled on the motion to dismiss, granting it in part and denying it in part.[8] He dismissed several of plaintiff's claims and dismissed some defendants from certain claims. Importantly, for purposes of this order, Judge Crow granted plaintiff leave to file an amended complaint, but "only [for] those counts and claims expressly noted below as having pleading deficiencies that are possibly curable."[9] Judge Crow noted the court "will likely regard any effort to amend the other counts and claims

---

[3] A magistrate judge's order denying a motion to amend is a dispositive ruling, which is why the undersigned issues a partial report and recommendation to the district judge rather than deciding the issue outright. *See Rx Sav., LLC v. Besch*, No. 19-2439-DDC, 2019 WL 8014669, at *3 (D. Kan. Oct. 11, 2019), *report and recommendation adopted*, No. 19-2439-DDC-JPO, 2019 WL 6974959 (D. Kan. Dec. 20, 2019).

[4] ECF No. 1.

[5] ECF No. 3.

[6] ECF Nos. 21, 23.

[7] ECF No. 24.

[8] ECF No. 38.

[9] *See* ECF No. 38 at 59-60.

as futile."[10]   He  provided a roadmap in his order, explicitly instructing which claims plaintiff could seek leave to amend.

The undersigned then directed plaintiff to file an amended complaint, which he did on April 2, 2021.[11]  Plaintiff now seeks to amend to the complaint substantially.  After numerous extensions allowed for the briefing, the motion is now ripe.  The court will address the proposed amendments by count, then turn to defendants' argument to strike portions of the proposed second amended complaint.

Analysis

Fed. R. Civ. P. 15(a)(2) provides that, after a certain point, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the court ought to "freely give leave when justice so requires."  Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[12]  "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.'"[13]

---

[10] *Id.* at 60.

[11] ECF No. 44.

[12] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[13] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

42 U.S.C. § 1983 Claim

Judge Crow's order dismissed the KU officers sued in their official capacities under 42 U.S.C. § 1983.  He did allow plaintiff to pursue a § 1983 claim for reinstatement and allege which KU officials have the power to perform reinstatement.[14] Plaintiff seeks reinstatement against the doctoral committee, adding a civil conspiracy claim under § 1983, which he's titled Count VI (plaintiff added this claim in the middle of the complaint, essentially re-numbering the remaining counts).  Defendants don't oppose the proposed amendment.

But plaintiff also reiterates that official capacity claims are brought against Dr. Lejuez, Dr. Latta, and Dr. Getha-Taylor.  Defendants argue these claims should remain dismissed as they're officials not alleged to have the capacity to reinstate him.[15]  Plaintiff doesn't oppose the argument as to Dr. Latta and Dr. Getha-Taylor, conceding they should remain dismissed in their official capacities.  But he states he intends to keep Dr. Lejuez, the former Dean of the College of Liberal Arts and Sciences, as a defendant in his official capacity "out of an abundance of caution."[16]  Plaintiff asserts "the School recommends a student's admission or dismissal and the College accepts whatever recommendation the School makes"[17] and asserts Dr. Lejuez "may have incentives to cause problems to my

---

[14] ECF No. 38 at 60.

[15] ECF No. 48 at 6.

[16] ECF No. 57 at 6.

[17] *Id.*

4

reinstatement to the doctoral program."[18]

Plaintiff's preference to keep Dr. Lejuez in his official capacity isn't dispositive. The court previously noted plaintiff conceded "the individual KU officers sued in their official capacity for damages under § 1983 and for damages and injunctive relief under state law claims are entitled to dismissal."[19] The undersigned concludes this tenuous allegation regarding Dr. Lejuez's potential authority isn't sufficient to overrule the court's previous ruling dismissing the individual officials in their official capacities. For this reason, the undersigned grants the motion to the extent it seeks to add a § 1983 claim but recommends Judge Crow deny the request to add Dr. Lejuez as a defendant in his official capacity.

Count I

Judge Crow dismissed Count I for failure to allege a plausible claim of discrimination but allowed plaintiff to seek leave to amend this count.[20] Specifically, that order found plaintiff did not provide specific facts linking alleged violations of school policy and unfair treatment by defendants to a discriminatory motive.[21] Judge Crow pointed to the lack of allegations about other doctoral students who were similarly situated but treated differently, finding that the first amended complaint failed to state a plausible

---

[18] *Id.*

[19] ECF No. 38 at 17.

[20] *See id.* at 60.

[21] *Id.* at 25.

5

discrimination claim.[22]

Defendants argue the proposed amendment doesn't cure the deficiencies because the allegations still don't tie any acts to plaintiff's national origin.[23] Rather, the allegations relate to claims of retaliation for engaging in protected activity. Therefore, defendants argue the proposed amendment should be denied as futile.

"A proposed amendment is futile if the amended complaint would be subject to dismissal."[24] In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[25] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[26] Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[27] "The party opposing

---

[22] *Id.* at 29.

[23] ECF No. 48 at 4.

[24] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[25] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[26] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[27] *Little*, 548 F. App'x at 515 (quoting *Twombly*, 550 U.S. at 570).

the proposed amendment bears the burden of establishing its futility."[28]

Plaintiff's proposed second amended complaint adds general allegations and allegations in Count I to address the national origin discrimination claim. He makes allegations about non-minority and non-international students who weren't placed on academic probation.[29] But these allegations don't cure the deficiencies as they don't show a discriminatory motive based on plaintiff's national origin. Plaintiff mentions other doctoral students, one of whom was an international student who "was terminated from the doctoral program after failing twice in the comprehensive written examination,"[30] but again he doesn't tie this allegation to his own alleged discrimination. The closest plaintiff comes to making the necessary connection is mentioning another doctoral student, a non-international student from a protected class "who had to retake his specialization exam, but he was not placed on academic probation because he did not have an advisor problem."[31] But this one sentence, without additional context as to that student's circumstances, doesn't rise to meeting plaintiff's burden to show how a similarly-situated student "under the same or similar standards or circumstances for which they are being evaluated, promoted and disciplined"[32] was treated more favorably. Plaintiff hasn't shown a plausible claim for

---

[28] *Mars v. Novartis Pharm. Corp.*, No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

[29] ECF No. 44-1 at ¶¶ 68-99.

[30] *Id.* at ¶ 72.

[31] *Id.* at ¶ 93.

[32] ECF No. 38 at 27.

7

discrimination. For this reason, the undersigned recommends Judge Crow deny the proposed amendment as to Count I.

Count V

Judge Crow dismissed this claim to the extent plaintiff alleged a civil conspiracy surrounding plaintiff's taking a leave of absence.[33] But Judge Crow kept in the claim alleging a civil conspiracy to dismiss plaintiff from the program in retaliation for having said he would bring a discrimination claim.[34] Plaintiff now seeks to add Dr. Getha-Taylor as a defendant in this count.[35] The undersigned maintains official capacity claims against Dr. Getha-Taylor remain dismissed, which plaintiff concedes.[36] The proposed second amended complaint includes allegations about Dr. Getha-Taylor's participation in the alleged conspiracy related to retaliation. Therefore, plaintiff may add Dr. Getha-Taylor as a defendant in her individual capacity as to this count.

Count VI

The court dismissed the defamation claims in paragraphs 599-603 in the amended complaint as untimely.[37] The court allowed plaintiff to seek leave to amend the claim as to paragraph 604, which previously read:

> Director O'Leary or Coordinator Epp caused the release of

---

[33] *Id.* at 61.

[34] *Id.*

[35] ECF No. 57 at 7.

[36] *Id.*

[37] ECF No. 38 at 61.

>false and misleading information to my sponsor. My sponsor
>now thinks that I myself chose not to finish the degree with
>KU. In reality, the doctoral committee left me with no option
>other than a situation where I could not pursue the degree due
>to the lack of an advisor.[38]

Judge Crow ruled plaintiff failed to allege when the defamatory statement was made (and therefore, when it accrued) and what the false and defamatory statement was that damaged his reputation.[39] Plaintiff was given the opportunity to amend this allegation to re-assert the claim for defamation.

Plaintiff has amended that allegation to read:

>Director O'Leary or Coordinator Epp caused the release of
>false and misleading information to my sponsor. On January
>22, 2019, my sponsor informed me that they have been told
>that I myself chose not to finish the degree with KU. In reality,
>the doctoral committee left me with no option other than a
>situation where I could not pursue the degree due to the lack of
>an advisor.[40]

Defendants oppose the proposed amendment as futile. They argue plaintiff hasn't identified the date of the statement, only that it was communicated to his sponsor on or before January 22, 2019. Nor does plaintiff provide allegations that the statement was false and defamatory and damaged plaintiff's reputation.

The court agrees. A one-year statute of limitations applies to the defamation claim, and Judge Crow has already rejected plaintiff's argument that the continuing violation

---

[38] ECF No. 3 at ¶ 604.

[39] ECF No. 38 at 54.

[40] ECF No. 44-1 at ¶ 626.

9

doctrine applies.[41]  Therefore, the date of the original statement is relevant here.  Plaintiff has asserted the date *he* learned of the statement, but he has still failed to assert the date the statement was made to the third party.  He argues defendants haven't previously argued the claim was untimely.  That's incorrect.  Defendants did make a statute-of-limitations argument in their motion to dismiss as to the defamation claim.[42]

Further, plaintiff maintains the false statement is that he chose not to finish his degree, whereas the truth was "the school made it impossible [for him] to complete the agree."[43]  Even accepting this portion of the argument, the undersigned finds plaintiff has failed to show how the statement damaged his reputation.  For these reasons, the undersigned recommends Judge Crow deny the proposed defamation claim.

Fed. R. Civ. P. 8 and Motion to Strike

Defendants generally oppose the proposed second amended complaint because it contains numerous paragraphs in its general allegations that haven't been removed, despite the court's prior order dismissing several claims.  Defendants cite Fed. R. Civ. P. 8(a)(2), which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Defendants cite several cases identifying overly-long complaints, particularly when courts have already deemed them to violate Rule 8.[44]

---

[41] ECF No. 38 at 53-54.

[42] *See* ECF No. 22 at 36-37 ("Therefore, any acts of defamation alleged to have occurred on or before January 17, 2019, are barred by the statute of limitations.").

[43] ECF No. 57 at 6.

[44] ECF No. 48 at 7 (citing various 10th Cir. cases).

Judge Crow previously noted the "sheer length and repetitious allegations [in the first amended complaint] defy the letter and spirit of Rule 8's requirement for a short and plain statement of the claims showing entitlement to relief. The FAC is also replete with allegations that are inconsistent, conclusory, and speculative."[45]

"[M]otions to strike are generally disfavored."[46] Still, Federal Rule of Civil Procedure 12(f) authorizes the court the discretion to strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." For example, in *McNamara v. Brauchler*, cited by defendants, the court ultimately dismissed the plaintiff's claims with prejudice after the plaintiff repeatedly failed to adhere to the court's rulings regarding his overly-long complaint containing "inappropriate legal and factual arguments, conclusory allegations of wrongdoing, irrelevant and immaterial statements, and *ad hominem* attacks against the defendants and others."[47] The court should generally decline to strike allegations unless they (1) have no possible relation to the controversy, and (2) may prejudice one of the parties.[48] Any doubt as to the utility of the material to be stricken should be resolved against the motion to strike.[49]

---

[45] ECF No. 38 at 3.

[46] *Constr. Indus. Laborers Pension Fund v. Explosive Contractors, Inc.*, No. 12-2624-EFM, 2013 WL 3984371, at *1 (D. Kan. 2013).

[47] 570 Fed. Appx. 741 (10th Cir. 2014),

[48] *Rubio ex rel. Z.R. v. Turner Unified Sch. Dist. No. 202*, 475 F. Supp. 2d 1092, 1101 (D. Kan. 2007) (citing *Sunlight Saunas, Inc. v. Sundance Sauna, Inc.*, 427 F.Supp.2d 1022, 1029 (D. Kan. 2006)).

[49] *Id.*

Defendants propose striking much of the proposed second amended complaint to the extent it relates exclusively to claims that were previously dismissed or are immaterial to plaintiff's remaining claims.[50] The undersigned agrees with defendants that large swaths of plaintiff's proposed second amended complaint don't accurately reflect the claims that remain and plaintiff hasn't taken Judge Crow's prior rulings into account when filing this motion and submitting his second proposed amended complaint. Requiring defendants to respond to all 659 paragraphs when plaintiff hasn't made any effort to comport his second amended complaint with the court's rulings would be prejudicial to defendants.

Plaintiff seems to address this by stating in his reply "defendants need not respond to the allegations matching the dismissed claims/counts. These allegations are included in the proposed Second Amended Complaint in order to give a complete picture of the case."[51] In plaintiff's view, he's not withdrawing any allegations because it would be "analogous to omitting chapters of a book"[52] and will give "an incomplete picture of the case."[53] Plaintiff also argues defendants shouldn't be permitted to move to strike unless they file a separate motion.[54] The court concludes defendants have sufficiently moved to strike and have given plaintiff the opportunity to respond to their arguments.

---

[50] *See* ECF No. 48 at 9-14.

[51] ECF No. 57 at 1.

[52] *Id.* at 7.

[53] *Id.*

[54] *Id.* at 13.

The undersigned understands plaintiff's position in wanting to maintain each of his allegations in the record to tell his side of the story. But the allegations in a complaint don't constitute a story in a book where a party can include any unsubstantiated narrative he chooses. The allegations must comply with the federal and local rules, including Rule 8, which Judge Crow has already flagged as an issue for plaintiff. And, of course, he must also comply with the court's orders. That includes adhering to Judge Crow's order dismissing certain claims. Dismissal of those claims means they're no longer part of this case; allegations included solely to support them no longer have a place in the record.

Plaintiff hasn't made any effort to streamline his second amended complaint in light of that order. And now that numerous claims have been dismissed, plaintiff hasn't made any effort to reflect that in his proposed second amended complaint. These factors weigh toward striking the allegations. Plaintiff addresses the cases cited by defendants to distinguish his case, essentially arguing he hasn't ignored direction from the court to amend his complaint in any particular way.[55] And the undersigned does agree with plaintiff that Judge Crow didn't explicitly direct plaintiff to file an amended complaint with certain allegations removed. That's one reason the undersigned isn't inclined to dismiss the complaint entirely.

The undersigned agrees the most efficient way to proceed is to take defendants' proposals and strike the allegations that don't relate to the remaining claims. Notably, plaintiff's reply in some ways concurs with this approach. Plaintiff spends multiple pages

---

[55] *See id.* at 8-10.

arguing why his complaint shouldn't be dismissed for its length, why the length is appropriate, and why defense counsel has the resources to litigate a lengthy complaint. He cites cases where courts have instead directed defendants to respond to portions of complaints that haven't already been dismissed.[56] But plaintiff spends comparatively little time actually addressing or opposing the substantive arguments related to the motion to strike and why those allegations shouldn't be stricken.

Therefore, plaintiff is directed to strike the following paragraphs from his second amended complaint: 1, 3, 5, 6, 8, 9, 10, 46-132, 140-186, 194-450, 503-526, 535-603, and 624-628. That leaves these as the remaining paragraphs: 2, 4, 7, 11-45, 133-139, 187-193, 451-502, 527-534, 604-624, and 629-659. These are the allegations in the complaint that reflect the remaining claims. Plaintiff himself acknowledges his allegations are divided into headings, which "clearly show which claim [the allegations] fall under."[57] So, it makes sense that certain headings can be stricken when they contain allegations for claims that have been dismissed. What remains is what defendants must respond to in their responsive pleading. That doesn't mean plaintiff is precluded from referencing supporting contextual details as the case moves forward, only that the second amended complaint now reflects only the claims that are still in the case.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to amend (ECF No. 44) is granted in part and denied in part:

---

[56] *See id.* at 12.

[57] *Id.* at 15.

1. Plaintiff may add the § 1983 claim.

2. The undersigned recommends Judge Crow deny the request to keep Dr. Lejuez as a defendant in his official capacity.

3. The undersigned recommends Judge Crow deny the Count I discrimination claim as futile.

4. Plaintiff may add Dr. Getha-Taylor as a defendant in her individual capacity as to Count V.

5. The undersigned recommends Judge Crow deny the proposed defamation claim as futile.

6. Plaintiff is directed to strike the paragraphs from his second amended complaint: 1, 3, 5, 6, 8, 9, 10, 46-132, 140-186, 194-450, 503-526, 535-603, and 624-628.

Plaintiff is directed to file his second amended complaint within 7 days of Judge Crow's order on the report and recommendation to reflect both his rulings and the undersigned's. Defendant shall answer or otherwise respond to that second amended complaint within 14 days thereafter.

Dated June 25, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge