UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

    Plaintiff,

    v.                                                 Case No. 20-2037-SAC

HOLLY T. GOERDEL, et al.,

    Defendants.

**<u>ORDER</u>**

The pro se plaintiff, Muzafar Babakr, has filed a motion (ECF No. 53) to substitute the estate of Reginald L. Robinson for defendant Reginald L. Robinson, who died on September 19, 2020.[1] The University of Kansas, another defendant in this case, filed a suggestion of death regarding Robinson on October 5, 2020.[2] The notice, however, wasn't served on the executrix of Robinson's estate, Jane Robinson, until March 11, 2021. For the following reasons, the court grants plaintiff's motion.

<u>Background</u>

A brief background is helpful to explain the procedural posture of this case. On February 25, 2021, the presiding U.S. District Judge, Sam A. Crow, entered an order on defendants' motion to dismiss, dismissing several claims in whole or in part.[3] The following claims were dismissed against Robinson: Count I, Count II, Count III, Count IV,

---

[1] ECF No. 29.
[2] *Id.*
[3] ECF No. 38.

Count VI, Count VII, Count VIII, Count IX, Count X, Count XI, and Count XII.[4]  Judge Crow granted plaintiff leave to move to amend Counts I and VI.  The order also directed the parties to act on the suggestion of death regarding Robinson.[5]

Plaintiff filed a motion for leave to amend on April 2, 2021.[6]  On June 25, 2021, the undersigned U.S. Magistrate Judge, James P. O'Hara, recommended Judge Crow deny the proposed amendments.[7]  That report and recommendation remains pending before Judge Crow.  Additionally, the undersigned struck allegations in plaintiff's proposed second amended complaint to reflect the court's prior rulings.[8]

Analysis

Plaintiff filed the instant motion on June 1, 2021, and requested a hearing, which the undersigned held on July 1, 2021.  Defendants argue the dismissal of Robinson should carry over to the civil conspiracy claim, including the new 42 U.S.C. § 1983 claim that the undersigned permitted plaintiff to add in its recent order.[9]  Defendants note no claims are brought against Robinson in the proposed second amended complaint, and no participation in the civil conspiracy claim is alleged.[10]  The only allegations even in the proposed second amended complaint against Robinson relate to the Title VI discrimination claim, which the undersigned recommended Judge Crow deny.[11]

---

[4] *Id.*
[5] *Id.* at 61.
[6] ECF No. 44.
[7] ECF No. 59.
[8] *Id.*
[9] ECF No. 58.
[10] ECF No. 56 at 2.
[11] ECF No. 59.

In his motion, plaintiff doesn't clarify which claims remain pending against Robinson or why any claims survive Robinson's death.[12]  In his reply, he mainly cites a prior filing, the January 1, 2021 response to the suggestion of death,[13] saying he's relying on those arguments here.  Indeed, in his reply, plaintiff explicitly concedes Robinson "is not a named defendant for any claim in the proposed second amended complaint."[14]  He points to several claims in the *first* amended complaint naming Robinson as a defendant but again concedes those claims have since been dismissed as to Robinson.[15]

Plaintiff appeared at the hearing representing himself.  Attorney Eric Aufdengarten appeared on behalf of all defendants and on behalf of the estate of Robinson.  During the hearing, plaintiff again confirmed there's no pending claims against Robinson.  Rather, plaintiff simply wants to preserve the issue in the event of an appeal down the line.  That's the same ground plaintiff raised in his reply brief: if the case ends up on appeal, he wants to ensure he can pursue any revived claim against the estate.[16]

The undersigned will grant plaintiff's motion to substitute.  However, as earlier indicated, many of plaintiff's claims, including <u>all</u> of those against Robinson, already have been dismissed.  If the case is ultimately successfully appealed by plaintiff, in whole or in part, and any of the previously-dismissed claims against Robinson end up back at the district court, the undersigned finds no prejudice in allowing plaintiff the opportunity to

---

[12] ECF No. 53.
[13] ECF No. 35.
[14] ECF No. 60 at 2.
[15] *Id.*
[16] *Id.*

3

pursue those claims against the estate of Robinson.  Granting the motion now is procedurally clear and efficient.  As briefly raised during the hearing, it may make sense for the parties to stipulate at some point regarding an indemnification agreement for any potential future judgment for damages against the estate.  But the undersigned doesn't make any ruling on that issue here.

However, the undersigned does make clear – and no party contests – no claims *presently* exist against Robinson.  Accordingly, no claims are pending against his estate now.  For that reason, the undersigned secured plaintiff's verbal agreement during the hearing, memorialized here, that he won't pursue any discovery against the estate at this time.  Plaintiff agrees no further litigation will proceed against the estate unless and until all the other claims against existing defendants are litigated and claims against Robinson's estate are remanded to the district court.

IT IS THEREFORE ORDERED plaintiff's motion to substitute (ECF No. 53) is granted, under the conditions outlined above.  The clerk is directed to substitute the estate of Reginald L. Robinson for Reginald L. Robinson in the case caption, and to reflect the case is administratively terminated as to the estate.

Dated July 1, 2021, at Kansas City, Kansas.

s/ James P. O'Hara  
James P. O'Hara  
U.S. Magistrate Judge