# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

     Plaintiff,

     v.                                                                    Case No. 20-2037-SAC-ADM

JACOB T. FOWLES, et al.,

     Defendants.

## <u>ORDER</u>

This matter comes before the court on Defendants' Unopposed Motion for Extension of Time to Respond to Discovery Requests.  (ECF 94.)  By way of this motion, Defendants ask the court to extend their deadline to respond to Plaintiff Muzafar Babakr's ("Babakr") first set of discovery requests by twenty-one days, from March 31 to April 21, 2022.  The motion states that Babakr does not oppose the requested extension.  Nevertheless, for the reasons explained below, Defendants' motion is denied.

Parties ordinarily may stipulate to extensions of time to respond to discovery without court approval unless the extension "would interfere with the time set for completing discovery, for hearing a motion, or for trial." FED. R. CIV. P. 29(b).  Here, a Rule 29(b) stipulation is unavailable to the parties because the requested extension would surpass the April 1 discovery deadline. Alternatively, the court's practice is to allow parties to continue discovery beyond the discovery deadline to the extent that all parties are in agreement and so long as the extended discovery does

not delay briefing or ruling on dispositive motions or other pretrial preparations.[1]  Here, the parties have already agreed to the requested extension to April 21, and it should not interfere with briefing on dispositive motions because the deadline is still well in advance of the June 1 dispositive motion deadline.  Accordingly, the motion to extend Defendants' time to respond to Babakr's discovery requests is denied as moot because the parties have already effectively agreed to the extension.

In allowing the parties to proceed with discovery by agreement of the parties, the court wishes to briefly address a related issue.  The motion states that the extension of Defendants' discovery response time may impact other deadlines set in the Scheduling Order (ECF 76).  The court will not extend these other deadlines at this time because the parties have not yet formally sought an extension of them.  However, the court cautions the parties that, if the parties so move, the court will be highly disinclined to extend those deadlines given the history of this case.  This relatively simple case is more than twenty-six months old.  The parties devoted the first twenty months almost exclusively to pleadings and briefing on motions to dismiss.  The scheduling order allowed more than six months of discovery, which is longer than the court typically allows in a complex case.  At this procedural juncture, the parties have had a full and fair opportunity to conduct discovery.  Should the parties nevertheless decide to move to extend any remaining deadlines, they must first contact the undersigned magistrate judge's chambers to request a status conference and be prepared to provide detailed reasons for any extension they may request.

**IT IS THEREFORE ORDERED** that Defendants' Unopposed Motion for Extension of Time to Respond to Discovery Requests (ECF 94) is denied.

---

[1] Under those circumstances, the court is not available to resolve any disputes that arise during the course of such extended discovery.  *See* Pretrial Order Form ¶ 7, available on the court's website.

Dated March 23, 2022, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge