## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

     Plaintiff,

     v.

JACOB T. FOWLES, et al.,

     Defendants.

Case No. 20-2037-SAC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Muzafar Babakr's ("Babakr") Motion for Leave of Court to Conduct Depositions After the Discovery Deadline. (ECF 101.) By way of this motion, Babakr asks the court to extend the discovery deadline so that he may take ten depositions. This motion is denied because Babakr has not demonstrated good cause to amend the scheduling order to allow this discovery at this procedural juncture. However, the court will deny the motion without prejudice to be renewed under the terms set forth below if Babakr's claims should survive summary judgment.

## I.    Background

Babakr is a former doctoral student at the University of Kansas ("KU"). On January 21, 2020, he filed this action against the university and ten of its staff members (collectively, "defendants") for alleged discrimination, retaliation, constitutional violations, and conspiracy in administering his doctoral program and eventually releasing him from the program. (ECF 1, 68.) The parties devoted the first twenty months of the case almost exclusively to pleading, briefing on motions to dismiss, and repleading. On July 23, 2021, Babakr filed a Second Amended Complaint that is the operative pleading. (ECF 68.) September 27, 2021, the court conducted a scheduling

conference.  (ECF 75.)  During the conference, the court set a discovery deadline of April 1, 2022.  (ECF 76, at 5.)  This gave the parties more than six months to conduct discovery, which is longer than the court typically allows in even a complex case.

On March 23, 2022, defendants filed an unopposed motion for extension of time to respond to Babakr's discovery requests.  (ECF 94.)  Defendants' motion explained that Babakr had served his first set of written discovery on March 1, making the responses due on March 30; and that defendants needed a three-week extension of that deadline to April 21 in order to fully respond to Babakr's voluminous written discovery requests[1] given the press of other business.  (*Id.*)  The motion also noted that the requested extension could potentially impact the April 15 deadline for submission of a pretrial order, the pretrial conference setting on April 27, and the June 1 deadline for dispositive motions.  (*Id.*)  The court denied the motion as moot, explaining that leave of court was not required because the parties could agree to continue discovery beyond the discovery deadline so long as extended discovery would not interfere with briefing or ruling on dispositive motions, and that they had already effectively agreed to such an extension.  (ECF 96, at 2.)  But the court cautioned the parties that any future requests to extend scheduling order deadlines would be viewed unfavorably because, in the more than two years since the case was filed, "the parties have had a full and fair opportunity to conduct discovery."  (*Id.*)  The court required that, "[s]hould the parties nevertheless decide to move to extend any remaining deadlines, they must first contact the undersigned magistrate judge's chambers to request a status conference and be prepared to provide detailed reasons for any extension they may request."  (*Id.*)

---

[1] This consisted of 27 sets of written discovery—one set each of interrogatories, requests for production, and requests for admission on each of the nine defendants.  Defendants state that plaintiff served this discovery at 11:56 p.m. on March 1.

Almost immediately, Babakr requested a status conference.  On March 30, the court convened the conference, and Babakr moved for a 90-day extension of the discovery deadline. (ECF 99.)  The court denied the motion because Babakr had not demonstrated good cause for the requested extension by showing that he was diligent in conducting discovery during the lengthy discovery period.  (ECF 100.)  The court noted that, among other things, Babakr did not first serve any written discovery until March 1 and did not serve deposition notices until March 15.  But the court granted Babakr leave to renew his motion under the following conditions: "Babakr must attach to any such motion the specific discovery requests and/or deposition notices he seeks to serve, explain the relevance of *each* request/deposition, and demonstrate good cause to conduct the discovery after the deadline." (*Id.* at 2 (emphasis in original).)  Given this lingering dispute, the court vacated the April 15 deadline for submission of the pretrial order and the April 29 pretrial conference setting, to be reset after the parties' anticipated motion practice regarding depositions. (*Id.*)  The court reiterated that the dispositive motion deadline remained June 1.  (*Id.*)

On April 17, Babakr filed the current motion in which he seeks leave to depose the nine current defendants, as well as a dismissed defendant, after the April 1 discovery deadline.  In other words, he moves for an extension of the discovery deadline with respect to these depositions. Defendants oppose the motion.  They explain that Babakr did not first raise the issue of taking depositions until March 11 (ECF 102-1, at 1) and then, on March 16, Babakr presented defendants with a list of seventeen depositions he wanted to take (ECF 102-2, at 4-5).  Defendants responded that they objected to Babakr taking more than ten depositions and asked him for a priority list of the ten depositions.  (*Id.* at 1, 3.)  It was not until April 4 that Babakr sent defendants the list of ten deponents and, when he did, he stated that he wanted to begin taking depositions on May 2, after he received defendants' discovery responses.  (ECF 102-3, at 17-18.)  Defendants responded by

reiterating that they would agree to depositions only through April 22. (*Id.* at 12, 15.) Babakr rejected this offer because he wanted time to review defendants' discovery responses before taking depositions and also because he was unable to secure a court reporter for depositions through April 22. (*Id.* at 7.) Defendants continue to object to Babakr taking depositions beyond the April 22 discovery deadline while Babakr continues to insist on a deposition schedule thereafter. (*Id.* at 1-3.) Given this history of events, defendants contend that Babakr was not diligent and that they would be prejudiced by, among other things, being forced to prepare for and take ten depositions in the six weeks before the June 1 summary judgment deadline unless that deadline is also extended. (ECF 102.)

## II.    Analysis

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." This good-cause standard requires the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1241 (10th Cir. 2014) (applying the good-cause standard to a motion to amend filed after the scheduling order deadline); *see also* FED. R. CIV. P. 16(b)(4) advisory committee's note to the 1983 amendment (stating good cause exists when a schedule cannot be reasonably met despite the diligence of the party seeking the extension). The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Tesone*, 942 F.3d at 988. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011).

Applying the good-cause standard, the court finds Babakr still has not demonstrated that he could not have completed discovery by the April 1 discovery deadline if he had acted diligently. As mentioned above, the court gave the parties a lengthy discovery period of more than six months in what is a relatively simple, single-plaintiff discrimination case.  This provided ample time for Babakr to complete discovery if he had acted with diligence throughout the discovery period.  But Babakr did not serve his first sets of written discovery until March 1—only 31 days before the close of discovery on April 1, and therefore just one day shy of the last day to serve written discovery.  Babakr asserts that he "would be greatly prejudiced if he took the depositions before reviewing the answers to his written discovery," and that after he granted defendants the extension to April 21 to respond to his written discovery, there was no time in the discovery period for him to conduct depositions.  But Babakr does not sufficiently explain why he waited five months to serve written discovery.  He states that "some medical conditions . . . prevented him from working on this case for at least a week," but a week is a relatively small part of a six-month period.  (ECF 101, at 1.)  Likewise, he states that "[f]or many days, he barely had access to his laptop" because of "a hard drive failure," but this short delay does not account for the many other days and months Babakr could have diligently worked on discovery.  (*Id.*)  Finally, Babakr complains that KU has not helped him access his old KU emails, despite his repeated requests since January 2022.  But that is not KU's responsibility.

Perhaps more to the point, Babakr does not address why, if he wanted to have defendants' written discovery responses in hand before conducting depositions, he gave himself only a one-day window to complete ten depositions.  Babakr waited to serve written discovery until there were 31 days left in the discovery period and he was charged with knowing that the Federal Rules of Civil Procedure would give defendants 30 days in which to respond.  It was certainly Babakr's

prerogative to conduct discovery in the way he saw fit, but choosing to conduct it in this manner does not get him a free pass from the court to extend the deadline for conducting depositions.  If Babakr wanted to allow more meaningful time to review defendants' written discovery responses before preparing to conduct depositions, he should have served those discovery requests months ago.  He could have completed the depositions, with defendants' written discovery responses in hand, if only he had exercised diligence in serving his written discovery to begin with.

Babakr's motion also does not comply with the court's instructions in the March 30 order that he explain "the relevance of *each*" deposition he seeks to take after the discovery deadline. (ECF 100, at 2 (emphasis in original).)  Babakr simply states that nine of the proposed deponents are defendants and one is a former defendant whose "deposition is crucial because the dismissed claims are relevant to the surviving claims."  (ECF 101, at 5.)  This conclusory statement does not come close to demonstrating that each of the depositions sought is relevant.  Although the concept of relevance is broadly construed and Babakr may well have been within his rights to take these ten depositions if he had acted with diligence and done so within the discovery period, it is now beyond the discovery deadline and therefore the court considers the extent to which these depositions appear relevant and proportional to the needs of the case given that the late depositions would disrupt the case schedule—either by cramming the defendants with an ambitious deposition schedule in the midst of the pretrial order process and on the eve of the dispositive motion deadline and/or requiring the court to further extend these deadlines and settings.  But Babakr does not explain what information each proposed deponent likely has that Babakr himself could not testify to.  Babakr may oppose summary judgment using his own affidavits and/or testimony without needing any depositions from KU.  Given his pleadings to date, it appears he is capable of telling

his side of the story.  Furthermore, it is not uncommon for pro se cases to proceed to dispositive motions without any depositions being taken.

In the end, Babakr has not met the Rule 16 good-cause requirement for amending the scheduling order.  He has not demonstrated that he could not have completed discovery within the set period if he had acted with diligence.  Accordingly, the court denies his motion.

## III.    Setting new Deadlines and Possibility of a Renewed Motion

The dispositive motion deadline remains set for June 1, 2022.  As the court has previously explained to the parties, the procedure in this district is for the court to conduct a final pretrial conference and enter a pretrial order *before* parties file motions for summary judgment.  The court therefore resets this case for a pretrial conference on **May 23, 2022, at 10:00 a.m. by telephone**, and orders defense counsel to submit the parties' proposed pretrial order by **May 16, 2022**.

Furthermore, although the court is denying Babakr's motion for leave to take depositions at this time, the court will deny this motion without prejudice to Babakr seeking to depose witnesses prior to trial if and when this case remains pending following a ruling on defendants' anticipated summary judgment motion.  If any portion of this case survives defendants' anticipated summary judgment motion, it may significantly streamline the presentation of evidence if Babakr is allowed to depose trial witnesses in advance of trial.  Moreover, the court's summary judgment ruling could illuminate the relevance of particular witnesses' anticipated testimony.  Thus, within **14 days** of any summary judgment order that does not resolve the entire case, defendants are ordered to provide Babakr with their anticipated list of trial witnesses and state whether defendants consent to Babakr deposing each of them in advance of trial.  Within **14 days** thereafter, Babakr can file a renewed motion to depose any witnesses that defendants do not consent to him deposing.

**IT IS THEREFORE ORDERED** that Babakr's Motion for Leave of Court to Conduct Depositions after the Discovery Deadline (ECF 101) is denied without prejudice to be renewed, if at all, as set forth above after the court's summary judgment ruling.

**IT IS FURTHER ORDERED** that the pretrial conference is reset for **May 23, 2022**, **at 10:00 a.m.** with the parties' proposed pretrial order due by **May 16, 2022**.  The June 1, 2022, dispositive-motion deadline remains unchanged.

Dated May 2, 2022, at Kansas City, Kansas.

<u>s/ Angel D. Mitchell</u>
Angel D. Mitchell
U.S. Magistrate Judge