IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

    Plaintiff,

    v.

JACOB T. FOWLES, et al.,

    Defendants.

Case No. 20-2037-SAC-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Muzafar Babakr's ("Babakr") Motion for Leave to File Third Amended Complaint as Incorporated Into Pretrial Order and to Add Defendants.[1] (ECF 112.) By way of this motion, Babakr seeks to add two defendants to this action: (1) Morgan Swartzlander ("Swartzlander"), an Associate Director at the University of Kansas College Office of Graduate Affairs, and (2) Rachel Rolf ("Rolf"), a former Associate General Counsel at the University of Kansas Office of the General Counsel. Babakr's motion is denied because he has not demonstrated good cause to amend the complaint to add Swartzlander and Rolf at this late procedural juncture.

**I.    BACKGROUND**

Babakr is a former doctoral student at the University of Kansas ("KU"). On January 21, 2020, he filed this action against KU and ten of its staff members (collectively, "Defendants") for alleged discrimination, retaliation, constitutional violations, and conspiracy in administering his

---

[1] Because "a Pretrial Order supersedes previous pleadings" and the pretrial order has already been entered (ECF 113), Babakr's motion asks the court to incorporate his proposed changes to the pretrial order as shown in yellow highlighting in ECF 112-4 in lieu of filing a separate Third Amended Complaint. (ECF 112, at 1.)

doctoral program and eventually releasing him from the program. (ECF 1, 68.) The parties devoted the first twenty months of the case almost exclusively to pleadings and briefing on motions to dismiss. On July 23, 2021, Babakr filed a Second Amended Complaint, which is the operative pleading. (ECF 68.) On September 27, 2021, the court conducted a scheduling conference. (ECF 75.) During the conference, the court set November 29, 2021, as the deadline for motions to amend or join additional parties and April 1, 2022, as the deadline to complete discovery. (ECF 76, at 2, 4-5, 10.)

Babakr served his First Set of Interrogatories, First Request for Admissions, and First Request for Production of Documents on defendants on March 1, 2022 (ECF 91 & 112, at 2 ¶ 1), which was the next-to-the-last day to serve written discovery within the April 1 discovery deadline. Given the volume of Babakr's discovery requests, the parties stipulated to a three-week extension, from March 31 to April 21, for Defendants to serve responses to Babakr's discovery requests. (ECF 96.) On April 21, Defendants served their discovery responses and produced documents bearing bates numbers KU 001245-001733. (ECF 103.) The next day, Defendants produced additional documents bearing bates numbers KU 001734-003111. (ECF 104.) And on May 19, Defendants served a privilege log and supplemental documents bearing bates numbers KU 003112-003175. (ECF 109.) The court held a pretrial conference on May 25 and entered the pretrial order on June 8. (ECF 110, 113.) On June 22, Defendants filed a motion for summary judgment. (ECF 118, 119, 120.)

The court already cautioned the parties that any requests to extend scheduling order deadlines would be viewed unfavorably because, in the 2½ years since the case was filed, "the parties have had a full and fair opportunity to conduct discovery." (ECF 96, at 2.) Shortly thereafter, the court denied Babakr's motion for a 90-day extension of the discovery deadline

2

because he did not demonstrate good cause for the requested extension by showing that he was diligent in conducting discovery during the lengthy discovery period. (ECF 100.) A few weeks later, the court also denied Babakr's motion for leave to conduct depositions after the discovery deadline because he did not demonstrate that he could not have taken these depositions by the discovery deadline if he had acted with diligence. (ECF 105.)

## II.   ANALYSIS

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This good-cause standard requires the movant to show that "existing scheduling order deadlines cannot be met despite the movant's diligent efforts." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988–89 (10th Cir. 2019) (applying the Rule 16(b)(4) good-cause standard to affirm the district court's denial of an extension of time to designate an expert witness); *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (applying the good-cause standard to a motion to amend filed after the scheduling order deadline). Because Rule 16 requires diligence, if a party knows of "the underlying conduct but simply failed to raise [its] claims, . . . the claims are barred." *Gorsuch*, 771 F.3d at 1240. On the other hand, "Rule 16's good cause requirement may be satisfied . . . if a [party] learns new information through discovery or if the underlying law has changed." *Id*. The good-cause standard generally requires the moving party to provide an adequate explanation for the delay. *Tesone*, 942 F.3d at 988.

Babakr contends he has satisfied the good-cause standard because he "only recently found out that Mses. Swartzlander and Rolf were engaged in the civil conspiracy" after Defendants produced documents responsive to his discovery requests on April 22 and again on May 19. (ECF 112, at 4.) But this does not demonstrate that he could not have met the November 29, 2021, deadline for motions to amend or join additional parties if he had acted with diligence. As

3

Defendants point out, their initial disclosures served on September 15, 2021, listed Swarzlander as a potential witness. (ECF 114-1.) And on October 29, 2021, Babakr received the documents identified in Defendants' initial disclosures (ECF 78), which included some of Swartzlander's communications with and about Babakr concerning his academic progress, probation, dismissal, and a recommendation that he be placed on academic probation. (ECF 114-2, at 2-12.) In fact, Babakr received his September 18, 2017, probation letter directly from Swartzlander. (ECF 114-2, at 9-10.) So Babakr had first-hand knowledge of Swartzlander's involvement in the decision to put him on probation even before Defendants served their initial disclosures and documents identified in those disclosures. Babakr himself listed Swartzlander as a potential witness in his First Supplemental Disclosures served December 7, 2021. (ECF 114-3.) Yet Babakr waited until the next-to-the-last day to serve written discovery and did not take any depositions during the six-month discovery period. (ECF 105.) None of this establishes that Babakr could not have sought leave to add Swarzlander as a defendant by the November 29, 2021, deadline for motions to amend if he had acted with diligence.

Babakr's reply asserts that he could not have met the amendment deadline because, even if he had served discovery requests as early as October 30, 2021, he would not have received defendants' responses in time for him to move to amend by November 29. (ECF 117, at 2.) But this misses the point. First, as explained above, Babakr had first-hand knowledge that Swartzlander was involved in the events in question even before he filed this lawsuit. Second, Defendants' initial disclosures identified Swartzlander as a potential witness, giving Babakr the information he needed to seek discovery regarding witnesses identified in Defendants' initial disclosures in mid-September, in which case Defendants' responses would have been due in mid-October. Babakr did not need to wait to serve discovery until he received the documents identified

4

in Defendants' initial disclosures on October 29. Third, even after Babakr received those documents, he did not serve written discovery. Instead, he waited another five months—until March 1, 2022—to begin pursuing discovery.[2] Even if the court might have been willing to grant Babakr some extension of the November 29 deadline for motions to amend, nothing in the record justifies such a lengthy extension of that deadline to the date Babakr filed the current motion. In sum, the record—which indicates Babakr knew of the allegedly "new" information about Swartzlander long before the deadline for motions to amend—fatally undercuts his ability to demonstrate good cause. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018).

Likewise, Babakr fails to justify his eleventh-hour addition of Ms. Rolf as a defendant. Babakr's argument that he did not know about Rolf until Defendants served their privilege log and documents on May 19 also fails. Under Federal Rule of Civil Procedure 26(d)(1), Babakr could have served discovery at any time following the parties' Rule 26(f) planning conference, which was ordered to be held by September 15, 2021. (ECF 71.) He did not. Instead, he waited until March 1 to serve his first sets of discovery. As Defendants point out, "[t]he delay in Plaintiff receiving any information regarding Rolf falls to Plaintiff's failure to seek discovery until the very end of the discovery period." (ECF 114, at 4.)

---

[2] Babakr also blames Defendants for "hindering discovery" (ECF 117, at 2), but he does not specify any way in which Defendants effectively hindered discovery so as to prevent Babakr from raising the proposed amendments earlier. *See Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1022 (10th Cir. 2018) (rejecting "conclusory" and "skeletal" argument that party's uncooperative behavior made discovery of the fraud more difficult). Babakr points only to Defendants' opposition to his motion to conduct depositions after discovery closed (ECF 117, at 2)—an opposition the court found was well taken.

One final point. The court is "afforded broad discretion in managing the pretrial schedule." *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1254 (10th Cir. 2011). Allowing Babakr to amend at this point will only serve to delay resolution of this case. The pretrial order has been entered and Defendants have already filed a motion for summary judgment. Adding defendants at this point would complicate summary judgment briefing, and for no legitimate reason. Babakr admits his motion is "not a motion to amend claims, damages, or reliefs." (ECF 117, at 1.) And Defendants point out that "[a]ny remedy Plaintiff could receive is covered by the claims he has against the current defendants. Plaintiff does not seek additional damages or injunctive relief. . . . Plaintiff's proposed amendment adds nothing to Plaintiff's case except time." (ECF 114, at 8.) The court agrees. The time has come to move this case forward toward resolution on the merits.

In sum, Babakr knew or should have known of the facts that he now seeks to allege and have incorporated in the pretrial order. Nothing prevented him from timely seeking to amend to add Swartzlander and Rolf as defendants other than his own lack of diligence. Babakr thus fails to establish good cause to modify the scheduling order to accommodate an untimely motion to amend. *See Husky Ventures, Inc.*, 911 F.3d at 1021 (concluding district court did not abuse its discretion in finding lack of good cause because the movant "did not act with reasonable diligence in unearthing—through the customary tools of discovery—the ostensibly 'newly discovered evidence,' that allegedly justified the motion to amend"). Accordingly, the court denies his motion for leave to amend.

**IT IS THEREFORE ORDERED** that plaintiff Babakr's Motion for Leave to File Third Amended Complaint as Incorporated Into Pretrial Order and to Add Defendants (ECF 112) is denied.

**IT IS SO ORDERED.**

Dated June 30, 2022, at Kansas City, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
