IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

        Plaintiff,

v.                                                                            No. 20-2037-SAC-ADM

JACOB T. FOWLES, et al.,

        Defendants.

MEMORANDUM AND ORDER

        The plaintiff Muzafar Babakr ("Babakr") *pro se* has filed a motion (ECF## 122 and 123) that asks the district court to reopen discovery for 60 days for him to secure complete answers to his written discovery requests and for him to take 11 depositions. He also asks the court to defer considering the defendants' pending summary judgment motion and to extend his deadline for responding to the defendants' pending summary judgment until 21 days after the reopened discovery period expires. The defendants' summary judgment motion was filed on June 22, 2022, making the plaintiff's response due on July 13, 2022, the date on which he filed this motion to reopen discovery and to extend his time for filing a response. ECF# 122. The defendants oppose the plaintiff's motion arguing his efforts are taken to prolong indefinitely the resolution of this case when the plaintiff was not diligent to complete his discovery during a generous discovery period. ECF# 124. The plaintiff replies justifying his position on the defendants' failure to cooperate during discovery. ECF# 125.

1

**FED. R. CIV. P. 56(d) STANDARDS**

At this point, the plaintiff relies on Rule 56(d) for his only response to the defendants' motion for summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). That a factual dispute exists may not defeat summary judgment, because "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A plaintiff cannot defer a motion for summary judgment "simply [by] stating that discovery is incomplete." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008). 56(d) is "designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Expl., Inc.*, 790 F.2d 828, 833 (10th Cir. 1986).

56(d) provides, "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The affidavit or declaration "must specify '(1) the probable facts not available, (2) why those facts cannot be presented currently, (3) what steps have been taken to obtain these facts, and (4) how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment.'" *Birch v. Polaris Industries, Inc.*, 812 F.3d 1238, 1249 (10th Cir. 2015) (quoting *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010) (internal

quotation marks omitted)). When a party files an affidavit or declaration, the party invokes the court's discretion. *See Jensen v. Redevelopment Agency of Sandy City,* 998 F.2d 1550, 1553–54 (10th Cir.1993). "'Unless dilatory or lacking in merit,'" a party's 56(d) application "'should be liberally treated.'" *Id.* (quoting *Committee for First Amendment v. Campbell,* 962 F.2d 1517, 1522 (10th Cir.1992)). "'We expect Rule 56(d) motions to be robust, and we have observed that an affidavit's lack of specificity counsels against a finding that the district court abused its discretion in denying a request for additional discovery under the rule.'" *Birch,* 812 F.3d at 1249-50 (quoting *Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1206 (10th Cir. 2015)).

"The general principle of Rule 56(d) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to [its] opposition." *Price ex rel. Price v. Western Resources, Inc.*, 232 F.3d 779, 783 (10th Cir. 2000). On the other hand, Rule 56(d) "is not a license for a fishing expedition." *Lewis v. Ft. Collins,* 903 F.2d 752, 758 (10th Cir.1990). "Speculation cannot support a Rule 56(d) motion." *F.D.I.C. v. Arciero,* 741 F.3d 1111, 1116 (10th Cir. 2013). A Rule 56(d) affidavit must set out what facts are unavailable, why they cannot be presented, what steps have been taken to obtain them, and how additional time would secure these otherwise unavailable facts. *Price,* 232 F.3d at 783. It's not enough to assert generally that discovery remains incomplete or that facts remain in the control of the other party. *See id.* at 783-84. A court may deny an extension if the Rule 56(d) movant "has been dilatory, or the information sought is either irrelevant to the summary judgment motion or merely cumulative, no extension will be granted." *Hartford Cas. Ins. Co. v. Trinity Universal*

3

*Ins. Co. of Kansas*, 153 F. Supp. 3d 1323, 1333–34 (D.N.M. 2015) (internal quotation marks and citation omitted).

*Dilatory*

Unlike the more typical Rule 56(d) context of a summary judgment motion filed early in the case while discovery continues, the defendants filed their dispositive motion on the deadline set by the pretrial order and after the deadline for discovery expired. In other words, the plaintiff's argument that he needs more time to conduct discovery and to respond to the summary judgment motion implicates the magistrate judge's orders setting discovery deadlines and denying the requested extensions of time. Thus, the court in evaluating the plaintiff's diligence necessarily must consider how he responded to the magistrate judge's different orders. And significant in that regard will be the plaintiff's failure to seek the district court's review of the magistrate judge's rulings. The court sets out the following summary of proceedings before the magistrate judge to show that the plaintiff has been dilatory not only in pursuing discovery but in postponing his challenge to these discovery rulings until his Rule 56(d) motion.

In arguing the plaintiff's lack of diligence, the defendants point to the plaintiff's lack of preparation for discovery during the early stage of this case, his delay in pursuing his own discovery during the six-month discovery period, and his repeated failure to show good cause for the magistrate judge to grant his requested extensions of discovery. As recounted in the Magistrate Judge's order of May 2, 2022, the parties were given "more than six months to conduct discovery, which is longer than the court typically allows in even a complex case." ECF# 105, p. 2. This case has

been on file since January 2020, which means the plaintiff during the first 20 months of the case was afforded a sufficient opportunity to diligently prepare his discovery requests for service once the stay was lifted in September of 2021. Instead, the plaintiff waited until one-month before the discovery deadline expired to submit his first set of written discovery. The defendants asked for an unopposed extension of time to respond due to the voluminous requests. ECF# 94. The magistrate judge summarized her ruling this way:

> The court denied the motion as moot, explaining that leave of court was not required because the parties could agree to continue discovery beyond the discovery deadline so long as extended discovery would not interfere with briefing or ruling on dispositive motions, and that they had already effectively agreed to such an extension. (ECF 96, at 2.) But the court cautioned the parties that any future requests to extend scheduling order deadlines would be viewed unfavorably because, in the more than two years since the case was filed, "the parties have had a full and fair opportunity to conduct discovery." (*Id.*) The court required that, "[s]hould the parties nevertheless decide to move to extend any remaining deadlines, they must first contact the undersigned magistrate judge's chambers to request a status conference and be prepared to provide detailed reasons for any extension they may request." (*Id.*)

ECF# 105, p. 2. The plaintiff Babakr then requested a status conference at which he moved for a 90-day extension of the discovery deadline. The magistrate judge denied Babakr's motion for lack of a good cause showing of diligence in conducting discovery but granted Babakr leave to renew his motion on these conditions:

> "Babakr must attach to any such motion the specific discovery requests and/or deposition notices he seeks to serve, explain the relevance of *each* request/deposition, and demonstrate good cause to conduct the discovery after the deadline." (*Id.* [ECF 100] at 2 (emphasis in original)). Given this lingering dispute, the court vacated the April 15 deadline for submission of the pretrial order and the April 29 pretrial conference setting, to be reset after the parties' anticipated motion practice regarding depositions. (*Id.*) The court reiterated that the dispositive motion deadline remained June 1. (*Id.*)

ECF# 105, p. 3.

5

Babakr then filed on April 17 a motion to depose the nine defendants and a dismissed defendant after the April 1 discovery deadline. The defendants opposed the motion arguing Babakr's lack of diligence and explaining that Babakr had waited until March 11 to raise the taking of depositions and then presented on March 16 the defendants with a list of 17 depositions to be taken. The defendants requested no more than ten depositions. On April 4, Babakr sent his list of ten depositions with a request to delay them until after his discovery requests of the defendants were returned. The defendants then responded that they wanted any depositions to be completed by April 22. After addressing each of Babakr's arguments and excuses, the magistrate judge found again that the plaintiff had not met the good cause standard for extending the discovery deadline due to his lack of diligence, explaining in part:

> Perhaps more to the point, Babakr does not address why, if he wanted to have defendants' written discovery responses in hand before conducting depositions, he gave himself only a one-day window to complete ten depositions. Babakr waited to serve written discovery until there were 31 days left in the discovery period and he was charged with knowing that the Federal Rules of Civil Procedure would give defendants 30 days in which to respond. It was certainly Babakr's prerogative to conduct discovery in the way he saw fit, but choosing to conduct it in this manner does not get him a free pass from the court to extend the deadline for conducting depositions. If Babakr wanted to allow more meaningful time to review defendants' written discovery responses before preparing to conduct depositions, he should have served those discovery requests months ago. He could have completed the depositions, with defendants' written discovery responses in hand, if only he had exercised diligence in serving his written discovery to begin with.

ECF# 105, p. 5. The magistrate judge also noted the plaintiff had failed to address the relevance of each deposition offering only a conclusory statement. After her own evaluation of the apparent relevance and proportional need for these depositions, the magistrate judge observed:

6

> But Babakr does not explain what information each proposed deponent likely has that Babakr himself could not testify to. Babakr may oppose summary judgment using his own affidavits and/or testimony without needing any depositions from KU. Given his pleadings to date, it appears he is capable of telling his side of the story. Furthermore, it is not uncommon for pro se cases to proceed to dispositive motions without any depositions being taken.
>
> In the end, Babakr has not met the Rule 16 good-cause requirement for amending the scheduling order. He has not demonstrated that he could not have completed discovery within the set period if he had acted with diligence. Accordingly, the court denies his motion.

ECF# 105, pp. 6-7. The magistrate judge denied the plaintiff's motion but "without prejudice to Babakr seeking to depose witnesses prior to trial if and when this case remains pending following a ruling on defendants' anticipated summary judgment motion." *Id.* at p. 7. The magistrate judge explained:

> If any portion of this case survives defendant's anticipated summary judgment motion, it may significantly streamline the presentation of evidence if Babakr is allowed to depose trial witnesses in advance of trial. Moreover, the court's summary judgment ruling could illuminate the relevance of particular witnesses' anticipated testimony. Thus, within **14** days of any summary judgment order that does not resolve the entire case, defendants are ordered to provide Babakr with their anticipated list of trial witnesses and state whether defendants consent to Babakr deposing each of them in advance of trial. Within **14 days** thereafter, Babakr can file a renewed motion to depose any witnesses that defendants do not consent to him deposing.

ECF# 105, p. 7.

The plaintiff then filed a motion to extend the time to file a motion to compel the defendants' supplemental discovery responses. ECF# 107. The magistrate judge denied the motion as premature and directed the plaintiff to file any such motion after the 30-day default period and to make a good cause showing of diligent efforts to resolve the discovery dispute. ECF# 108. The defendants served a privilege log and supplemental documents on May 19, 2022, and the pretrial conference was held on May 25. ECF# 110. Within the deadline given at the pretrial conference,

7

Babakr filed a motion for leave to file a third amended complaint on June 3. ECF# 112. The pretrial order was filed on June 8. ECF# 121, p. 2. The defendants filed their summary judgment motion on June 22. ECF## 118 and 119.

The magistrate judge denied Babakr's motion for leave to file a third amended complaint on June 30. ECF# 121. The magistrate judge reviewed the procedural history before concluding that "the record—which indicates Babakr knew of the allegedly 'new' information about Swartzlander long before the deadline for motions to amend—fatally undercuts his ability to demonstrate good cause." ECF# 121, p. 5 (citation omitted). The magistrate judge also noted that Babakr had blamed the defendant for "hindering discovery" but failed to explain how the defendants had prevented him from pursuing earlier these amendments. Moreover, the magistrate judge noted, "Babakr points only to Defendants' opposition to his motion to conduct depositions after discovery closed (ECF 117, at 2)—an opposition the court found was well taken." ECF# 121, p. 5, n.2.

The magistrate judge's orders repeatedly point to the plaintiff's dilatory approach to discovery and failure to show good cause for extending deadlines that should have been more than sufficient under all relevant circumstances. In the plaintiff's estimation, his efforts before the magistrate judge amount to diligence despite the repeated denials of his motions for lack of good cause. The plaintiff's dilatory behavior is exacerbated by having never served and filed objections by way of a motion to review any of the magistrate judge's orders within the required 14-day periods. *See* D.Kan. Rule 72.1.4(a) and Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." Fed. R. Civ. P. 72(a). "Under

8

the firm waiver rule, a party who fails to make a timely objection to the magistrate judge's ruling waives appellate review of both factual and legal questions." *Sinclair Wyoming Refining Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 781 n.23 (10th Cir. 2021). By waiting until now to request reopening discovery from the district court, the plaintiff has bypassed procedures for resolving such issues in a manner that would have served the interests of securing a just, speedy, and inexpensive determination of the proceeding. The plaintiff's dilatory actions warrant denial of his Rule 56(d) motion.

*56(d) Factors*

The plaintiff sets forth some factual questions and propositions that he claims are probable facts unavailable for defending against summary judgment. The defendants are rightly critical that the plaintiff has provided no more than the areas of inquiry rather than probable statements of essential facts which the plaintiff believes to be true and supportable with additional discovery. While their pleadings are entitled to a liberal construction, pro se litigants still must comply with Rule 56(d) requirements and show by affidavit that they "cannot present facts essential to justify . . . [their] opposition." *See Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1311 (10th Cir.) *cert. denied,* 562 U.S. 967 (2010). Summary judgment motions are decided based on whether there are any genuine disputes of material fact that prevent the defendant from being entitled to judgment as a matter of law. Thus, the Rule 56(d) movant must show that the requested additional discovery would produce probable and essential facts giving rise to a genuine dispute of material fact that would prevent summary judgment. In short, the movant "must state with specificity how the

9

additional material will rebut the summary judgment motion." *Garcia v. U.S. Air Force*, 533 F.3d 1170, 1179 (10th Cir. 2008).  Thus, "'it is insufficient for the party opposing the motion to merely assert that additional discovery is required to demonstrate a factual dispute or that evidence supporting a party's allegation is in the opposing party's hands.'" *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (quoting *Lewis v. City of Ft. Collins*, 903 F.2d 752, 754 (10th Cir. 1990)). It is not enough for the plaintiff to assert areas of factual inquiry without explaining what specific probable facts will come from this discovery and how such material facts are essential to rebut the defendant's summary judgment motion.

The plaintiff has not carried his burden of showing probable facts are unavailable and essential to rebut the defendants' summary judgment motion. The seven different areas of inquiry raised in the plaintiff's affidavit and argued in his memoranda sound more like reasons for granting a motion to compel than a Rule 56(d) request. Their lack of specificity and detail suggest the plaintiff wants a last-minute license for a fishing expedition rather than limited and focused discovery directed at key points argued in the defendants' dispositive motion. The plaintiff's opportunity for extending general discovery deadlines was before the magistrate judge whose rulings were subject to review by the district court. In short, the plaintiff has failed to show the unavailability of probable facts and their essential nature to opposing summary judgment.

The possible reasons for Goerdel chairing his specialization exam in 2015 and being scheduled to chair his exam in 2016 have not been shown as material or essential to rebutting the defendants' summary judgment motion. The court finds no

10

material dispute over the academic backgrounds and qualifications of the exam committee members or the relevance of this circumstance to rebutting any of the defendants' summary judgment arguments. These areas of inquiry have nothing to do with whether the plaintiff engaged in any Title VI protected activity, whether a causal connection exists between his dismissal and his threat to sue, whether the defendants had a non-discriminatory reason for dismissing Babakr or the plaintiff's ability to show pretext, whether the defendants had a retaliatory animus based on any protected speech, and whether the defendants are entitled to qualified immunity on Babakr's due process claims.

The plaintiff similarly has not shown what probable facts would come from more discovery over what faculty or staff information was given to Morgan Swartzlander or over what reasons were given by Swartzlander for recommending Babakr's probation for the 2017 Spring semester. The plaintiff summarily denies that the defendants have produced all written discovery related to these communications, but he gives no explanation or support for his position. The plaintiff also offers no reasonable basis for asserting that any additional discovery would yield probable facts showing the defendants or Swartzlander had retaliatory animus. The plaintiff argues no circumstances tending to show that Swartzlander could be harboring such a motive or knowingly acting to conceal such a motive on the defendants' part. The plaintiff's speculation will not sustain a Rule 56(d) motion. *Arciero*, 741 F.3d at 1116. In short, the plaintiff has failed to point to any specific probable facts would come from this discovery as to rebut the defendants' summary judgment motion.

Without showing what additional facts probably exist to rebut summary judgment, the plaintiff wants to conduct more discovery over "[h]ow and why the doctoral committee determined that [his] . . . progress was incomplete in the Spring Semester 2017." ECF# 123-1, p. 2. The plaintiff does not contest the defendants' representation that all emails relevant to this determination have been produced. The plaintiff disputes the defendants' understanding revealed in the email communications and points to a letter written by the school director indicating his progress for the same semester. As with the other areas of inquiry, the plaintiff fails to point to any specific probable facts that would come from more discovery as to rebut the defendants' motion.

The defendants state they have produced all non-privileged communications by O'Leary and Epp about the plaintiff's probation and dismissal. The plaintiff seeks an unredacted copy of an email sent to the Office of the General Counsel. The court agrees with the defendants that a Rule 56(d) motion is not the vehicle for correcting his failure to file a timely motion to compel. More importantly, the plaintiff points to no specific probable fact from that email that would assist him in rebutting the defendants' summary judgment arguments.

The plaintiff describes his last area of inquiry as "[p]oints of discussion in the meeting held before placing me on the retaliatory probation." ECF# 123-1, p. 2. There are no probable specific facts found in this description which sounds more like a fishing expedition for possible evidence. The same can be said about the plaintiff's general assertion that additional discovery will lead to admissible evidence of the defendants and other staff having retaliatory motives toward the plaintiff.

12

These are not probable facts but simple speculation for which the plaintiff offers no reasonable basis.

In sum, the plaintiff has not come forward with any probable facts that are presently unavailable and that with additional time he would obtain. He does not point to anything produced in discovery to date that indicates the probability of other facts existing which would create a genuine issue of material fact. For that matter, the plaintiff fails to articulate how the discovery to date does not provide him with facts related to these seven argued areas of inquiry sufficient for rebutting the summary judgment motion. The plaintiff has not set forth any statement of probable facts now unavailable that would be essential in showing that he engaged in any Title VI protected activity, that a causal connection existed between his dismissal and his threat to sue, that the defendants lacked a non-discriminatory reason for dismissing him or that their reason was pretextual, that the defendants acted on a retaliatory animus in response to any protected speech, and that the defendants are not entitled to qualified immunity on Babakr's due process claims.

As fully set forth above, the plaintiff has not been diligent in pursuing discovery over these areas within the discovery period generously provided by the magistrate judge. Instead, the record fully supports the magistrate judge's oft-repeated impression of the plaintiff being dilatory. The plaintiff's arguments reveal, at best, a piecemeal approach to discovery which the magistrate judge never encouraged but discouraged. The plaintiff wrongly blames his predicament on the defendants for not cooperating with his last-minute discovery efforts. The plaintiff failed to demonstrate good cause before the magistrate judge for extending discovery

and similarly failed to seek timely review with this court. For these reasons, the court looks dimly upon the plaintiff's dilatory approach throughout this first stage of the litigation and particularly his waiting to challenge any discovery opportunities until now in a Rule 56(d) motion.

The court will deny the plaintiff's Rule 56(d) request for reopening discovery and for deferring consideration of the defendants' summary judgment motion. The court will not revisit or modify any of the magistrate judge's orders to date. The plaintiff's response to the defendants' summary judgment motion shall be filed no later than September 29, 2022.

IT IS THEREFORE ORDERED that the plaintiff's motion (ECF## 122 and 123) to reopen discovery and to defer considering the defendants' pending summary judgment motion until after the reopened discovery period expires is denied, and the plaintiff's response to the defendants' summary judgment shall be filed no later than September 29, 2022.

Dated this 8th day of September, 2022, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge