## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MUZAFAR BABAKR,

       *Plaintiff,*

vs.
                                         Case No. 20-cv-2037-EFM

DR. JACOB T. FOWLES, et al.,

       *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Muzafar Babakr's Motion for Reconsideration (Doc. 143) of this Court's Order denying Plaintiff's motion to file his Response to Defendants' motion for summary judgment out of time. For the reasons stated below, the Court denies Plaintiff's Motion.

### I.        Factual and Procedural Background

Plaintiff has proceeded pro se, filing his 78-page, single-spaced Complaint with 546 numbered paragraphs against Defendants on January 21, 2020. After two amended complaints, a few partially successful motions to dismiss, lengthy and litigious discovery, and numerous motions for extensions of time by Plaintiff on all the above, Defendants filed a Motion for Summary Judgment on all of Plaintiff's remaining claims on June 22, 2022.

Only July 13, 2022, Plaintiff filed a self-titled "Motion for Extension of Time to File Response"—in reality, Plaintiff's motion made clear that he was filing a motion to defer, asking for an additional 60 days to complete discovery. The Court denied this motion, setting the new deadline to respond as September 29, 2022. In effect, this functioned as the first extension of time to respond for Plaintiff.

Plaintiff filed his first real motion for extension of time to file his Response on September 28, 2022. The Court granted the motion, extending the deadline to October 20, 2022. On October 20, 2022, Plaintiff filed his second motion for an extension. This motion was granted in part, extending Plaintiff's deadline to file a Response to November 4.

When November 4 arrived, Plaintiff filed yet another motion for extension of time. Once again, the Court granted the motion in part and extended the deadline to November 15. However, the Court unequivocally stated in its order that "[t]here will be no further extensions granted." The Court also cautioned Plaintiff to review the relevant page limitations for any future filings based on Plaintiff's demonstrated proclivity toward lengthy briefing. At the time, the limitation was 50 pages.

Seemingly deaf to the Court's admonishment, Plaintiff filed *yet another* motion for extension of time—his fourth—on November 15. When this motion was denied, Plaintiff went ahead and filed a 151-page Response on November 28 anyway. Included within this Response was a motion to exceed the page limit and a motion for leave to file out of time, functioning essentially as a fifth request for an extension. Based on this Court's previous statement that no more extension would be granted, the Court denied this motion. Now, Plaintiff has brought the present Motion for Reconsideration, arguing that the Court should reconsider its judgment and allow him to file out of time anyway.

## II.     Legal Standard

The Court has discretion whether to grant a motion to reconsider.[1]  The Federal Rules of Civil Procedure do not formally recognize a "motion to reconsider."[2]  Instead, a post-judgment motion to reconsider "may arise under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment for mistake or other reason)," although the rules are not interchangeable.[3]  A motion for reconsideration under Rule 59(e) "gives the court an opportunity to correct manifest errors of law or fact and to review newly discovered evidence."[4]  The court should alter or amend its judgment where the court has misapprehended the facts, the parties' positions, or the controlling law.[5]  "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed."[6]  Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally.[7]

## III.     Analysis

As an initial matter, Plaintiff is bringing his Motion pursuant not to any judgment but rather the Court's order striking his Response.  Even so, assuming *arguendo* that this is a proper use of a motion for reconsideration, Plaintiff still fails to show that reconsideration is warranted here.

---

[1] *See Hancock v. City of Okla. City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

[2] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[3] *Jennings v. Rivers*, 394 F.3d 850, 854 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted).

[4] *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citing *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992)).

[5] *Barber ex rel. Barber v. Colorado Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted) (citation omitted).

[6] *Voelkel*, 846 F. Supp. at 1483.

[7] *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Plaintiff does not argue that the Court made a manifest error of law or fact, or that newly discovered evidence warrants a different outcome. Instead, Plaintiff argues that the Court "misapprehended" his reasons for failing to meet this Court's firm and oft-extended deadline for submitting his response to Defendant's motion for summary judgment. As Plaintiff sees it, the Court failed to properly appreciate how much time it takes to write a 151-page response along with a "Motion to Defer[,] . . . [a] Motion to Compel . . . [and] a 97-page single-spaced 'Golden Rule' letter for Defendants" at the same time.

This is not a proper reason to move for reconsideration. Rather, Plaintiff's Motion is merely an attempt to expound upon previously failing arguments. Indeed, the Court has already heard these same arguments each of the other five times that Plaintiff moved for an extension of time. Therefore, the Court denies Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 143) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 13th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE